### BOYD SHANNON v. THE STATE.

No. 15598. Delivered March 15, 1933.
Rehearing Denied April 26, 1933.
Reported in 59 S. W. (2d) 142.

The opinion states the case.

*C. C. McDonald,* of Wichita Falls, and *John Morison* and *W. E. Myres,* both of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for transporting intoxicating liquor; punishment, 3 years in the penitentiary.

The testimony of the state's witness, Mrs. Chick Ledbetter, in brief was as follows: She was formerly Mrs. Troy Taylor, wife of Troy Taylor, who died on June 19, 1929. On the 15th day of June, 1929, she was living in Paducah, Texas, and was acquainted with the appellant, Boyd Shannon, who lived three or four blocks from where she and her former husband, Troy Taylor, lived. On said 15th day of June, about 11 or 12 o'clock.

at night, the appellant drove up in a Ford truck to the house where she and her husband lived and called her husband to come out and help unload. Her husband went out to where the appellant was but she herself did not go out. She heard the appellant say something about a part of the alcohol being broken and that he had crushed two cans of it. The two crushed cans were taken out of the truck and wrapped up in quilts and although she didn't examine the cans brought in the house, there was alcohol on the quilts. She saw the appellant and her husband pour what was left in the two crushed cans into fruit jars and carry the rest off. She knew the truck contained alcohol when it came to the house because the appellant said it was alcohol. The following night, Sunday night, the appellant and her husband had a conversation in her presence at her home and referred to the load as being alcohol and stated that it would make them about $8,000.00. They were partners in the load. They had a settlement in regard to the load the appellant brought the night before and her husband gave the appellant a check for $941.00, which was drawn on the Citizens State Bank of Paducah and was signed by her husband, Troy Taylor, and made payable to Boyd Shannon, the appellant. She identified the check offered in evidence, which was dated 6-16-1929, and shown to have been endorsed by Boyd Shannon, as being the check given by her husband to the appellant on said night. She had seen the appellant write and the endorsement on the check looked like his handwriting.

The appellant did not testify in his own behalf but offered several witnesses by whom he proved an alibi on the night of June 15, 1929.

Bill of exception No. 1 sets up the fact that there was received in evidence, over appellant's objection, testimony from the state's witness, Mrs. Ledbetter, to the effect that her husband, Troy Taylor, and the appellant were using the alcohol to make gin and whisky with it and about a week before the appellant came to her house she saw them make whisky and gin from said alcohol, to which testimony appellant objected on the ground that it was immaterial, prejudicial, and because the same permitted the state to prove a wholly distinct and separate crime and the testimony was highly prejudicial in that it would permit the jury to convict the appellant for an offense for which he had not been charged, although innocent of the offense for which he stood charged.

The indictment in this case contains two counts, the first count charging the appellant with unlawfully transporting intoxicating liquor, and the second count charging the appellant

with unlawfully having intoxicating liquor in his possession for the purpose of sale. The evidence complained of was offered on the direct examination of the witness Ledbetter and at a time when no election had been made or asked for by the appellant as to which count of the indictment the state would ask for conviction. We think the testimony was admissible at the time it was admitted in evidence under the second count in the indictment charging the appellant with the unlawful possession of intoxicating liquor for the purpose of sale.

After the testimony was all in, the court in his charge to the jury charged the jury that the second count was withdrawn from their consideration and submitted to the jury only the guilt or innocence of the appellant under the first count in the indictment, and in paragraph 8A of the court's charge to the jury, we find this language: "You are instructed that that portion of the testimony elicited from the witness Mrs. Chick Ledbetter as to how the defendant and her deceased husband, Troy Taylor, had been accustomed in times past to mix alcohol with other ingredients so as to make whisky and gin for the purpose of sale is withdrawn from your consideration and you will not consider same for any purpose."

The effect of this charge was to effectively and completely withdraw from the consideration of the jury the very testimony of which appellant complains in his bill of exception. If it should be held that there was any error in the admission of said testimony, which is not conceded, the withdrawal of same by the court relieves the matter of any probable error which would call for reversal of the case. See Schwab v. State, 102 Texas. Crim. Rep., 454.

By bill of exception No. 2, appellant complains of the trial court admitting in evidence, over his objection, the testimony of the state's witness, Mrs. Ledbetter, as to the conversation between the appellant and her husband, on the night following the night she testified that the appellant brought the alcohol to their house, in regard to the crushed cans and the statement of the appellant that what was contained in said cans was alcohol and the statement that the said load would make them about eight thousand dollars, and that her husband paid the appellant $941.00 for his part, because it was an attempt on the part of the state to prove a separate and distinct crime and an offense for which the defendant was not charged.

By bill of exception No. 3 appellant complains of the action of the trial court in permitting the introduction of the check signed by her husband to the appellant for the sum of $941.00 on the ground that it was immaterial and prejudicial and

related to a transaction occurring long after the offense for which the appellant was on trial and was an attempt by the state to prove details of a wholly distinct and separate offense.

We fail to find any merit in these contentions. The testimony shows that it was a part and parcel of the same transaction and was not a separate and distinct transaction from the one under investigation and the testimony was admissible as a circumstance tending to connect the appellant with the offense for which he was being tried. It was also admissible in rebuttal of the defense of an alibi offered by appellant. Nichols v. State, 97 Texas Crim. Rep., 174, and for collation of authorities see Branch's Ann. P. C., sec. 166, p. 98.

It may be conceded that in introducing the testimony complained of in bills of exception 2 and 3 the state was premature, but the subsequent conduct of the case upon the part of the accused having rendered the testimony relevant, the premature receipt thereof was not such error as would justify reversal of the judgment. Branch's Ann. Tex. P. C., sec. 98 and authorities collated thereunder; Cox v. State, 8 Texas App., 297; Nichols v. State, 97 Texas Crim. Rep., 174; Gregory v. State, 92 Texas Crim. Rep., 581; Mirales v. State, 13 S. W. (2d) 868.

Bills of exception 5 and 6 complain of the refusal of the trial court to give a special instruction to the jury to disregard the testimony complained of in bills 1, 2 and 3. The discussion of said bills fully disposes of said contentions of the appellant.

Bill of exception No. 7 complains of the refusal of the trial court to instruct the jury not to consider the argument of the private prosecutor in regard to the contemplated profit of eight thousand dollars which appellant and Troy Taylor expected to make and also his argument with reference to the $941.00 bank check. Said testimony being legitimately before the jury, we see no error in the refusal of the trial court to instruct the jury to disregard said argument.

Bill of exception No. 8 brings forward appellant's objections and exceptions to the court's main charge, which merely presents appellant's objections to the introduction of the testimony complained of in bills 1, 2, and 3, and the refusal of the court to withdraw same from the consideration of the jury.

We have carefully considered all the evidence and believe the evidence is sufficient to support the conviction.

Finding no error in the record which would call for reversal of the case, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—This case was submitted to the jury as one of circumstantial evidence. Mrs. L., the state's only witness, swore that on the night of June 15th appellant came to the house where she and her husband were. She heard him say he had a load of alcohol. Her husband went outside to the truck but witness did not go. She heard the two talking, heard appellant ask her husband to help him unload the alcohol, heard him tell her husband that two cans of the alcohol were crushed. She testified that these two crushed cans were wrapped in a quilt, which latter she did see and it had alcohol on it. She also testified that the alcohol which came out of the crushed cans was poured in fruit jars, which she also saw. She further testified that her husband left home with appellant that night to go in the truck with him to his home. This was Saturday night. She further testified that on the following day appellant was back at her house and had a conversation with her husband about said load of alcohol, what it was worth, what they expected to make out of it, and that her husband then paid appellant in a check for his part of said alcohol. She said she saw the check written, and identified it on this trial, and also testified that the endorsement on the back of said check was in appellant's handwriting. As far as we can see, each and all of these facts were material as links in the chain of circumstantial evidence leading to the conclusion that appellant was guilty of the transportation of intoxicating liquor.

There was a second count in the indictment charging possession of such liquor for purposes of sale, and as pertinent thereto it was permissible for the state to show by Mrs. L. that she had seen appellant and her husband mixing alcohol and making gin and whisky, but when the testimony was concluded the court withdrew from the jury's consideration said second count, and also told them not to consider for any purpose the testimony of Mrs. L. as to such mixing, etc. This was clearly proper practice.

We see nothing in the record supporting appellant's proposition that the testimony as to the mixing of alcohol, etc., to make gin and whisky was inadmissible for that it related to a separate and extraneous offense. When this testimony was given, there was pending a prosecution upon count No. 2 for the offense of possession, which involved the element of such

possession for the purpose of sale, to which the evidence objected to was pertinent. When this count was withdrawn, this testimony was stricken from the jury's consideration, which procedure is uniformly upheld.

The testimony of Mrs. L. as to the acts and conversations between appellant and her husband on Saturday, June 15th, and those testified to by her as taking place on Sunday, June 16th, plainly related to the same transaction revolving around the single load of alcohol, its transportation, ownership, etc., and all of same was admissible, as above stated, upon the ground that all said facts were pertinent as making out the state's case of transportation.

We have examined the authorities which are numerously cited in appellant's motion, but are forced to conclude that same have no application to the facts before us.

Believing the case was properly decided, the motion for rehearing will be overruled.

*Overruled.*