**Lanis Ray COBB, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 46854.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Rehearing Denied Jan. 16, 1974.

Marion Gibbons, Houston, for appellant; Marvin O. Teague, Houston, of counsel.

Carol S. Vance, Dist. Atty., James C. Brough and Ronald G. Woods, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Buddy Stevens, Asst. State's Atty., Austin, for the State.

---

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of robbery. Punishment was assessed by a jury at seventy-five years.

Initially, appellant contends that his court appointed counsel did not have the required ten days to prepare for trial.

The record reveals that appellant's counsel was appointed for the purpose of pay only on the day of the trial. However, the record also reveals that counsel had been retained by appellant as early as three months prior to trial. Furthermore, the record affirmatively shows that appellant's counsel actively participated in the trial. See Meeks v. State, 456 S.W.2d 938 (Tex.Cr.App.1970). No error has been shown.

Next, appellant contends that the trial court erred in allowing the prosecutor to introduce evidence of the two extraneous offenses.

The record reflects that a robbery occurred at the Eckerd Drug Store on Telephone Road in Houston on March 30, 1971. Connie Trivino testified that she was employed as a clerk at the drug store on the date in question; that appellant walked into the store shortly before closing time; that she asked appellant if she could help him, to which he replied, "This is a holdup. Get down;" that appellant had a gun in his hand; and that appellant then took approximately $150.00 out of the cash register. Mrs. Trivino also testified that appellant was wearing grayish blue jeans, a short blue jacket and light brown boots; that he had long hair, long sideburns, and had not recently shaved; and she was positive in her identification of appellant. Jewell Berry, a customer in the store when appellant entered, testified to substantially the same facts as Mrs. Trivino did, and was positive in her identification of appellant as the man who robbed the store. After these two witnesses had testified, the State rested its case in chief.

Appellant, testifying in his own behalf, stated that he had resided in Orange since February of 1965; that on March 30, 1971, he was working in Orange; and that he had never been to a drug store on Telephone Road. Upon cross-examination by the prosecutor, appellant stated that he was not in Houston on March 30, 1971; that he was not in a drug store located at 1708 Houston Boulevard in South Houston on April 1, 1971; and that he was not in a drug store located at 3704 Broadway in Houston on April 13, 1971. Appellant also

testified that he did not own a small pistol.

The State, in rebuttal to appellant's testimony, then called R. I. Wallsmith who testified that he was employed as a pharmacist at the Crest Pharmacy located at 1708 Houston Boulevard in South Houston, that on April 1, 1971, appellant came into the store; that he asked appellant if he could help him, to which appellant replied, "This is a holdup and I want all the money and amphetamines," and that he then "sacked" up the money and amphetamines and gave them to appellant. Wallsmith also testified that appellant had longer hair and longer sideburns at the time of the robbery than at trial and had four or five days of growth on his face at the time of the robbery; that he was wearing denim pants, with a faded blue or wheat jean color; that he had on an "Eisenhower" type jacket and sunglasses; that he had a small caliber pistol in his hand; and that he was certain appellant was the man who robbed him.. Naomi Shilk, an employee of the Crest Pharmacy, testified to substantially the same facts as Wallsmith and was positive in her identification of appellant.

The State next called Royce Christiansen who testified that he was a pharmacist at Gulfway Drugs located at 3704 Broadway in Houston; that on April 13, 1971, appellant entered his store with a girl; that appellant walked up to the prescription counter and pulled out a gun; that he then pulled out his own pistol and started firing at appellant; that appellant then threw down his gun and ran out of the store. Christiansen also testified that appellant, on the day of the robbery, had long hair, whiskers on his chin, and long sideburns, and that he was positive appellant was the man who had tried to rob him.

█ The test for determining the admissibility of any type of evidence is whether its probative value outweighs its inflammatory or prejudicial aspects, if any. See Albrecht v. State, 486 S.W.2d 97

(Tex.Cr.App.1972); Hernandez v. State, 484 S.W.2d 754 (Tex.Cr.App.1972). As this Court stated in *Albrecht*, supra, limitations on the admissibility of evidence of an accused's prior criminal conduct are imposed not because such evidence is without legal relevance to the general issue of whether the accused committed the act charged, but because such evidence is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him. Each case must be determined on its merits.

In the case at bar, the State offered the evidence of the two extraneous offenses to prove identity, claiming said issue was raised by appellant's defensive theory of alibi.

█ The rule is that evidence of another crime is admissible to prove identity if identity is in issue and if there is some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial. See Ford v. State, 484 S.W.2d 727 (Tex.Cr.App.1972); Lancaster v. State, 82 Tex.Cr.R. 473, 200 S.W. 167 (1918). We reiterate: (1) identity must be in issue; and (2) there must be distinguishing characteristics common to both the extraneous offense and the offense for which the accused is on trial.

█ When appellant claimed he was not in Houston on March 30, 1971, the issue of identity was raised. See Griffin v. State, 455 S.W.2d 298 (Tex.Cr.App.1970); Owens v. State, 450 S.W.2d 324 (Tex.Cr.App. 1969).

█ The next question, therefore, is whether there were distinguishing characteristics common to both the principal offense and the two extraneous offenses admitted into evidence. We find that there were. In the instant case, a small pistol was used in each robbery; each of the two robberies and the attempted robbery were

committed at a drug store in the same locality; each of the offenses was committed by a lone gunman;[1] the robber was described as wearing blue jeans in all three robberies; the robberies occurred within a sixteen day time period of each other; and the robber was described as having long hair, long sideburns, and a short beard or growth on his face.

The instant case is different from that faced by this Court in Ford v. State, supra. In *Ford*, supra, the similarities were "more in the nature of the similarities common to the type of crime itself rather than similarities peculiar to both offenses" involved there. Stated another way, in *Ford,* supra, there was no evidence of any distinguishing characteristic which would mark both the principal offense and the extraneous offense apart from other offenses of the same type, as there is in the case at bar. The case of Newman v. State, 485 S.W. 2d 576 (Tex.Cr.App.1972) can be distinguished on this same basis, i.e., and absence of common distinguishing characteristics. See also Grayson v. State, 481 S. W.2d 859 (Tex.Cr.App.1972).

We conclude that the trial court did not err in admitting evidence of the two extraneous offenses.

Appellant has filed a pro se brief and a supplemental pro se brief in this Court contending that Article I, Section 4 of the Texas Constitution, Vernon's Ann.St., Articles 19.22, 19.34, 35.02, and 35.22, of Vernon's Ann.C.C.P. are unconstitutional. This contention has been decided adversely to appellant and his grounds of error are overruled. See Craig v. State, 480 S.W.2d 680 (Tex.Cr.App.1972).

Finding no reversible error, the judgment is affirmed.

ONION, P. J., and DOUGLAS, J., concur in the result.

---

1. What part the girl had in the attempted robbery or if she had a part is not shown by the record.