**Simon GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47869.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Ben H. Tompkins, Fort Worth, for appellant.

visions of an order revoking probation could not be construed as incorporating a valid sentence.

Tim Curry, Dist. Atty., Earl E. Bates, Glen E. Eakman, and R. W. Crampton, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for burglary with intent to commit theft; the punishment was assessed at six years.

At approximately 2:30 a. m., on January 13, 1973, two young men saw a man break a window at the Central Bank and Trust Company in Fort Worth and they called the police. When the officers arrived, they saw a person inside the bank run. They entered the bank through the broken window and found appellant hiding in a closet under a jump suit and arrested him.

Appellant testified that he got drunk during the night of January 12 and the early morning hours of January 13, 1973. According to his testimony, he stayed at the 400 Club where he drank until approximately 2:00 a. m. On his way home, appellant walked by the Central Bank and Trust Company. He related that he picked up a snowball and threw it at the window and broke it. He then entered through the window, but he denied that the entry was with the intent to steal.

Appellant contends that the evidence is insufficient to show that he entered the building with intent to commit theft.

The act of breaking and entering a house at nighttime raises a presumption that the act was done with intent to commit theft. Hutchinson v. State, Tex.Cr.App., 481 S.W.2d 881. See also Callahan v. State, 502 S.W.2d 3 (Tex.Cr.App.1973).

This contention is overruled.

Next, he contends that at the punishment phase of the trial the trial court erred in allowing evidence of appellant's general reputation while he was a juvenile.

An employee of the Tarrant County Juvenile Probation Office testified that appellant's general reputation for being a law-abiding citizen was bad. At the guilt-innocence phase of the trial, appellant testified he had been convicted of assault with intent to commit murder. He further testified that he committed the assault while "I was in custody, a reformatory."

The fact that appellant was a juvenile at the time his reputation was acquired would not affect the admissibility of such testimony. Fortson v. State, Tex.Cr.App., 474 S.W.2d 234, and cases cited therein.

The judgment is affirmed.