John T. CAMERON, Appellant,

v.

The STATE of Texas, Appellee.

No. 49972.

Court of Criminal Appeals of Texas.

Dec. 19, 1975.

John T. Montford, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., and Tommy J. Turner, Asst. Dist. Atty., Lubbock, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This appeal is taken from a conviction for robbery by firearms. Trial was before a jury that assessed the punishment of the appellant at imprisonment for fifteen years. The appellant asserts that evidence of extraneous offenses was erroneously admitted; this evidence was expressly admitted on the issue of identity to aid in determining whether the appellant was the person who committed this offense. We find there was reversible error.

We will first summarize the evidence offered to prove the offense for which the appellant was being tried in this case. On November 7, 1972, Iris Neyland was employed as head cashier of Southwestern Investment Company (SIC) in the City of Lubbock. On that date at 1:00 p. m. appellant entered the office and approached her desk. He pointed a pistol at her, dropped a yellow and white plastic bag on the counter, and directed her to "fill it up." As she was emptying the currency out of the drawer, one of the other employees made a move to stand up. Appellant then cocked his gun, held it against Neyland's forehead, and ordered her to open another drawer. When she told him that there was nothing in it, appellant told her that he "wasn't kidding" and again demanded that she open the drawer. When she repeated that there was nothing but supplies in the drawer, appellant ordered yet another drawer opened. She told him that she was unable to open that drawer because the cashier who had the key was gone. Appellant then grabbed the plastic bag, which contained $867 in currency, and fled on foot. She recognized the appellant as he had been a customer at SIC for about one year before the robbery, and he had made a new loan two or three weeks before the robbery. She said the appellant was wearing a leather jacket, a wig, and large sunglasses.

Three other employees of SIC who were eyewitnesses to the robbery made in-court identifications of the appellant as being the person who committed the robbery; the appellant attempted to show that the offense was committed by another person; he testified and offered an alibi defense.

■ The appellant contends that the trial court erred in admitting, over objection, in the State's case in chief, evidence that proved he and another person committed an armed robbery at the Holiday Inn in Pecos, on July 19, 1972. Nadine Watkins, the complainant in that robbery, was allowed to testify in detail concerning the facts of the offense, but the appellant testified in his own behalf, and on direct examination he admitted he committed, plead guilty to, and was convicted of that offense. The general rule here is "that an accused cannot complain of the admission of testimony when he later testifie[s] on direct examination to substantially the same facts." *Cook v. State*, 409 S.W.2d 857 (Tex. Cr.App.1966). Put another way, inadmissible evidence erroneously admitted generally will not require reversal when the defendant testifies about the same facts and admits the truth of the testimony to which he originally objected. *Moulton v. State*, 486 S.W.2d 334 (Tex.Cr.App.1972); *Nicholas v. State*, 502 S.W.2d 169 (Tex.Cr.App.1973); *Ivory v. State*, 430 S.W.2d 498 (Tex.Cr.App. 1968). In the instant case, appellant admitted his guilt in the robbery in Pecos after first objecting to the admission of any evidence of that offense. He did not attempt to explain or rebut the admitted evidence, as was the case in *Nicholas v. State*, supra; rather, he freely admitted to the truth of it. Therefore, the appellant is in no position to claim that he was harmed by a ruling of the court.

The appellant also contends that the court erred in admitting evidence of another offense of armed robbery, allegedly committed by the appellant on March 14, 1972, at the Ready-Mart Food Store in Lubbock. Richard Fillingim was allowed to testify, over objection, that on March 14, 1972, two black males entered the Ready-Mart Food Store, where he was employed as a clerk, and robbed him at gunpoint of approximately $300. He related that at 10:30 p. m. on the aforementioned date the appellant and a confederate entered the store and walked down an aisle near the cash register; they took one can of soup from the shelf, brought it back to the counter and asked where the crackers were. After the crackers were placed on the counter, Fillingim rang up the sale. When he turned to accept payment, the appellant had pulled out a pistol and pointed it at Fillingim. He was told to put all of the store's money in a brown paper sack and to "hurry up." The appellant then ordered him to go into the back room and lie down. Neither the appellant nor his confederate were disguised. The appellant was dressed "casually."

■ Evidence of other unrelated offenses is not generally admissible since a defendant may not be tried for some collateral crime or for being a criminal generally. The reasons for the rule have been stated in *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr. App.1972):

"Limitations on the admissibility of evidence of an accused's prior criminal conduct are imposed, not because such evidence is without legal relevance to the general issue of whether the accused committed the act charged, but because such evidence is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him." *Albrecht v. State*, supra.

■ However, where evidence is relevant to prove an issue, it is not necessarily rendered inadmissible because it tends to show the commission of an extraneous offense. As an exception to the general rule of inadmissibility, evidence of the commission of other offenses by the accused is admissible to establish the identity of the person or crime, intent, motive, system or as part of

the res gestae. *Albrecht v. State*, supra. In the present case the State offered the evidence of the robbery at the Ready-Mart Food Store, in its case in chief, on the issue of identity and the jury was so instructed.

■■ Evidence that would also prove a separate offense is admissible when offered on the issue of identity only (1) if identity is a controverted issue and (2) if there are distinguishing characteristics common to both the extraneous offense and the offense for which the defendant is on trial. E. g. *Ransom v. State*, 503 S.W.2d 810 (Tex.Cr. App.1974); *Mitchell v. State*, 503 S.W.2d 562 (Tex.Cr.App.1974); *Cobb v. State*, 503 S.W.2d 249 (Tex.Cr.App.1974); *Lee v. State*, 496 S.W.2d 616 (Tex.Cr.App.1973); *Ford v. State*, 484 S.W.2d 727 (Tex.Cr.App. 1972). A defendant's denial of the commission of the crime and his reliance on the defense of alibi makes identity a controverted issue. *Lee v. State*, supra; cf. *Redd v. State*, 522 S.W.2d 890 (Tex.Cr.App.1975); *Franklin v. State*, 488 S.W.2d 826 (Tex.Cr. App.1972). Since the appellant here denied that he committed the offense and offered an alibi defense, identity is a controverted issue. We must then determine whether there were distinguishing characteristics common to both the extraneous offense and the offense for which the appellant was on trial—in other words, would the evidence that also proved the robbery at the Ready-Mart Food Store aid in determining whether the appellant is the person who committed the offense at SIC?

In *Ford v. State*, supra, it was said the common distinguishing characteristic may be the proximity in time and place of the extraneous offense to the offense for which the accused is being tried, or the common element may be the mode of commission of the criminal offenses. In *Ransom v. State*, supra, it was said that both proximity in time and place and the common mode of the commission of the offense were present. There the robberies were committed within three days time and a confederate acted with the defendant in both robberies.

■ In this case although both robberies were committed in Lubbock, they were separated in time by eight months. The robbery of the grocery store was committed by two black men with a pistol. The robbery at SIC was committed by one black man with a pistol. (The State argues that a second person was the driver of the car in which the appellant escaped from the robbery at SIC.) We find no distinguishing characteristics common to both the extraneous offense and the offense for which the appellant is on trial. The admission of the evidence of the extraneous offense, the robbery at the Ready-Mart Food Store, cannot be characterized as harmless error; its admission in evidence was reversible error. *Ford v. State*, supra.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.

MORRISON, Judge (concurring).

I concur in the reversal of this cause. In my concurring opinion in *Henriksen v. State*, Tex.Cr.App., 500 S.W.2d 491, at page 497, I said:

"Though not without difficulty, I have concluded that the above similarities are sufficient . . ."

In that case the similarities were "a peculiar trait" of bringing a paper bag into a supermarket, where paper bags are readily available, and wearing a cap and sun glasses.

The only similarities between the primary offense and the extraneous offense in the instant case are those set forth in footnote one of the dissenting opinion.

Under our holding in *Ford*, supra, I cannot conclude that these similarities are sufficient.

DOUGLAS, Judge (dissenting).

The majority reverses this conviction because of the admission of an extraneous offense.

Evidence of extraneous offenses is admissible to prove identity. The issue of identity was raised by appellant's cross-examination of the robbery victims and his reliance on an alibi defense. In *Ransom v. State*, 503 S.W.2d 810 (Tex.Cr.App.1974), this Court wrote:

". . . In *Ford v. State*, supra [484 S.W.2d 727, Tex.Cr.App.1972], it was pointed out the common distinguishing characteristic may be the proximity in time and place *or* the common mode of the commission of the offenses. . ."

This Court also noted in *Ransom* that the *exact* "modus operandi" need not be repeated.[1]

Appellant also testified that Shelly Townsend committed the robbery. Appellant also had an alibi.

"Evidence of extraneous offenses committed by the accused has been held admissible: * * * (6) To refute a defensive theory raised by the accused." *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr. App.1972).

In *Halliburton v. State*, 528 S.W.2d 216 (Tex.Cr.App.1975), the defendant testified that she shot the deceased in self-defense. A prosecution witness testified that Halliburton shot him five weeks after the primary offense. There was no "distinguishing characteristic" common to both the primary and extraneous offense.

This Court held that the extraneous offense was admissible to rebut appellant's defensive theories.

". . . The presence or absence of similarity is not entirely determinative of the admissibility of the extraneous of-

fense. If the extraneous offense is relevant in tending to disprove the defensive theory, it should be admissible. . . ." *Halliburton v. State*, supra, opinion on appellant's motion for rehearing.

In the instant case the evidence of the prior robbery reasonably and logically tended to defeat appellant's defenses and, therefore, was admissible.

No doubt to the bewilderment of trial judges and lawyers, this Court is inconsistent in its holdings on the same point. This Court has held that extraneous offenses to defeat a defensive theory are admissible under the guidelines of *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972). The present case does not follow *Albrecht*.

Apparently the majority is disregarding the decision in *Ransom* which held that it did not make any difference how the offense was committed. Is the majority ignoring that decision and going back to the similarities or dissimilarities mentioned in *Ford* which pointed out that the accused in the case wore a purple shirt while committing one offense but did not wear a purple shirt while committing the extraneous offense?

The judgment should be affirmed.

ONION, P. J., joins in this dissent.

---

1. If similarities are important, the following were proved:
   1. Both offenses were committed in Lubbock.
   2. Both offenses were committed by black males.
   3. The robber used a pistol in both offenses.
   4. The robber ordered the clerk to place the money in a bag. Cf. *Henriksen v.*

*State*, Tex.Cr.App., 500 S.W.2d 491.[2] See also *Robinson v. State*, 508 S.W.2d 630 (Tex.Cr.App.1974); *McDonald v. State*, 513 S.W.2d 44 (Tex.Cr.App.1974).

2. In *Henriksen* the robber entered the supermarkets in both the primary and extraneous offenses and ordered the attendant to place the money in a paper bag. See concurring opinion by Judge Morrison.