**Henry HINES, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56554.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 27, 1978.

State's Motion for Rehearing En Banc Denied Oct. 18, 1978.

Sexton & Sexton, Orange, for appellant.

Jim Sharon Bearden, County Atty., James O. Jenkins, Jr., Asst. County Atty., Orange, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for delivery of heroin. Punishment was assessed by the jury at 25 years.

The record reflects that appellant was convicted for delivery of heroin to Joseph W. Payne on or about September 26, 1974. Payne, an investigator with the Calcasieu, Louisiana, Parish Sheriff's Office, testified that on the date in question he and his supervisor, Jack Hebert, were working in cooperation with the Orange County Sheriff's Office on narcotics investigations. On September 26, 1974, Payne, working as an undercover agent, drove to a location on Jack Island Road to check on drug activity at that location. Payne was driving and Hebert was riding in the trunk of the car. Upon arrival at the location on Jack Island Road, Payne met two brothers by the name of Dotson, who he testified were known drug users. Payne testified that shortly after his arrival the appellant drove up in a

gray Pontiac GTO. Appellant asked if Payne were "looking for some stuff." Payne replied that he was. The appellant replied that he knew where some was, and told the group to follow him. Appellant got in the car with the Dotsons, and Payne followed in his car. Payne testified that he followed the appellant to 2907 Sixteenth Street in Orange. Upon arrival at that address, the appellant entered the house while the others waited outside. Appellant came back out of the house and asked Payne what he wanted. Payne made an agreement to buy two "papers" of heroin for $20.00. Appellant re-entered the house, and when he came out handed Payne the two "papers." Payne gave him $20.00 as payment.

Captain John E. Wade of the Orange County Sheriff's Department testified that he and another officer were in another car following that driven by Payne. Wade saw what transpired on Jack Island Road from a distance using binoculars. He testified that when Payne arrived he spoke to some people who were already at the residence. In a few minutes, a GTO drove up. Wade identified appellant as the driver of the car. After a brief conversation, the parties got back in two of the cars and proceeded to 2907 Sixteenth Street. Through binoculars, Wade observed an exchange of some type take place after appellant had emerged from inside the house. From the distance, Wade could not identify what was exchanged.

The defense produced two witnesses who said that appellant had never owned or driven any GTO-type automobile. Appellant also offered the testimony of Mrs. Adetha Daugherty, who lived at 2907 Sixteenth Street, where the sale allegedly took place. Mrs. Daugherty testified that she was 67 years old and had lived in the house since 1954. Mrs. Daugherty testified that she did not know the appellant and that as far as she knew he was never in or around her house in September, 1974, or any other time.

Appellant testified in his own behalf. He denied he had ever been at the house in question or that he ever sold Payne any drugs.

Appellant complains of certain questions asked of him during cross-examination by the State. Specifically, he is complaining that the trial court erred in allowing the State to bring out extraneous offenses during the cross-examination.

The record reflects that on cross-examination the appellant admitted he had used heroin on three occasions subsequent to the offense. All three of the occasions were during the Christmas holidays in 1974, about three months after the delivery alleged in the instant case. Appellant testified that a friend had prepared and injected the heroin for him.

The State first argues that the appellant's objections at trial were not sufficient to preserve the error for review by this Court. Among the objections made during the questioning were the following: 1. "I am going to object on the basis that this has nothing to do with this trial"; 2. "He is on trial here for what he is charged in the indictment for  .  .  ."; 3. "I am going to object to that  .  .  . on the basis that that is another charge—they are trying to try him for something here that he is not charged with."

■ In *Walls v. State*, Tex.Cr.App., 548 S.W.2d 38, the defendant objected to the admission of an extraneous offense by saying, "This has nothing to do with the case in question." This Court held:

> "The objections  .  .  . were not as specific as they should have been  .  .; nevertheless, we think that from the beginning the objections were sufficient to apprise the court that appellant was objecting to the admission of the evidence of an extraneous offense whose materiality was not established."

The objections in the instant case were at least as specific as those in *Walls.* We hold that the objections were sufficient to apprise the trial court that appellant was objecting on the grounds of extraneous offense. The alleged error was properly preserved.

It is well established that an accused may not be tried for some collateral crime or for being a criminal generally. *Cameron v. State*, Tex.Cr.App., 530 S.W.2d 841; *Halliburton v. State*, 528 S.W.2d 216; *Alvarez v. State*, Tex.Cr.App., 511 S.W.2d 493.

There are exceptions to this general prohibition against the use of extraneous offenses. In *Albrecht v. State*, Tex.Cr.App., 486 S.W.2d 97, this Court said:

"Evidence of extraneous offenses committed by the accused has been held admissible: (1) To show the context in which the criminal act occurred—what has been termed the 'res gestae'—under the reasoning that events do not occur in a vacuum and that the jury has a right to hear what occurred immediately prior to and subsequent to the commission of that act so that they may realistically evaluate the evidence. (2) To circumstantially prove identity where the state lacks direct evidence on this issue. (3) To prove scienter, where intent or guilty knowledge is an essential element of the state's case and cannot be inferred from the act itself. (4) To prove malice or state of mind, when malice is an essential element of the state's case and cannot be inferred from the criminal act. (5) To show the accused's motive, particularly where the commission of the offense at bar is either conditioned upon the commission of the extraneous offense or is a part of a continuing plan or scheme of which the crime on trial is also a part. (6) To refute a defensive theory raised by the accused." [Footnotes omitted.]

In the instant case when the appellant testified that he was not at the scene and denied making the sale of drugs to Payne, he raised the defensive theory of alibi. *Cobb v. State*, Tex.Cr.App., 503 S.W.2d 249; *Mitchell v. State*, Tex.Cr.App., 503 S.W.2d 562; *Vaughn v. State*, Tex.Civ. App., 530 S.W.2d 558. When the appellant raised the defensive theory of alibi, he placed his identity in issue. *Mitchell v. State*, supra.

Although the testimony of the appellant clearly raised a defensive theory of alibi, in order to prove an extraneous offense the State must also prove sufficient common distinguishing characteristics between the extraneous offense and the primary offense to enable its probative value to outweigh its prejudicial effect. *Albrecht v. State*, supra; *Cobb v. State*, supra. The fact that appellant used heroin three months after he is alleged to have delivered it to Payne adds little, if anything, in the way of probative evidence to rebut his defensive theory of alibi.

In *Okra v. State*, Tex.Cr.App., 507 S.W.2d 220, a case very similar to the instant case, the defendant was charged with sale of heroin. The defendant offered evidence to show that he was in jail on the dates when the sales were alleged to have occurred, thus putting forth the issue of identity. In rebuttal, the State proved that a month before the offense the defendant was found in possession of "heroin, narcotics paraphernalia and a number of firearms." This Court found that the extraneous offenses were inadmissible. See *Logan v. State*, Tex.Cr.App., 510 S.W.2d 598.

In the instant case, we find that although the defensive theory of alibi was raised the evidence of the use of heroin three months after the alleged offense was so lacking in probative value that the evidence should have been excluded.[1] Under the facts of this case, the error was clearly harmful.

The judgment is reversed and the cause remanded.

---

1. We are not persuaded by the State's argument that the evidence of appellant's use of heroin during the Christmas holidays of 1974 was admissible in light of a second count in the indictment charging appellant with possession of heroin on the same date ("on or about the 26th day of September, A.D. 1974") alleged for the delivery. Cf. *Williams v. State*, Tex.Cr. App., 565 S.W.2d 63.