Aburey Lewis JONES, Appellant,

v.

The STATE of Texas, Appellee.

No. 55823.

Court of Criminal Appeals of Texas,
Panel No. 3.

Sept. 20, 1978.

On Rehearing Oct. 10, 1979.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., Steve J. Wilensky and John D. Ovard, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for burglary of a habitation with the intent to commit theft; punishment is imprisonment for life.

Appellant urges two grounds of error. Because evidence of an extraneous offense was improperly admitted, the judgment will be reversed.

The complainant, Terry Doyle, testified that at approximately 9:00 p. m. on February 13, 1975, she was attacked by appellant

in her apartment in Dallas. She resisted, and in the course of the ensuing struggle appellant tore off her robe and dragged her onto the balcony, where a neighbor came to her aid. Appellant escaped by jumping over the balcony, but he was seen entering a nearby apartment where he subsequently was arrested.

As part of its case in chief the State introduced the testimony of D——— D———. She testified that at approximately 7:30 a. m. on February 10, three days before the instant offense, appellant broke down the door of her apartment in Dallas and forced her, by use of a pistol, to cover her head with pillow cases and to disrobe. When she was slow in obeying his commands, appellant hit her in the head with the pistol. He then raped her. Before departing, appellant took her husband's class ring, a camera, and a bracelet.

Appellant timely objected to D——— D———'s testimony on the ground that it was "not relevant to anything in this proceeding" and continued to object during the time the witness testified. After the prosecutor promised that he would "make it relevant," the court overruled appellant's objection. When D——— D——— had finished testifying, the court inquired, outside the presence of the jury, as to the relevance of her testimony. The prosecutor stated that it "shows his intent to take property through an attack of a woman." Appellant subsequently denied the commission of both the burglary for which he was on trial and the rape of D——— D——— and theft of her property, and testified that he was in his apartment at the time of the instant offense.

Evidence of other unrelated offenses is not generally admissible, since a defendant may not be tried for some collateral crime or for being a criminal generally. The reasons for this rule have been stated in *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App. 1972):

"Limitations on the admissibility of evidence of an accused's prior criminal conduct are imposed, not because such evidence is without legal relevance to the general issue of whether the accused committed the act charged, but because such evidence is inherently prejudicial, tends to confuse the issues in the case, and forces the accused to defend himself against charges which he had not been notified would be brought against him."

We cannot accept the State's contention that evidence of the extraneous offense of rape was admissible to show appellant's intent. The indictment alleged that appellant entered the complainant's habitation "with the intent to exercise control over property . . . and with the intent to deprive the owner of said property . . .." The State having alleged that appellant entered the habitation with the intent to commit theft, evidence of an unrelated offense of rape was of no probative value in establishing that intent. Moreover, it has been held that where intent can be inferred from the act itself, evidence of extraneous offenses is not admissible. *Riles v. State*, 557 S.W.2d 95 (Tex.Cr.App.1977); *Albrecht v. State*, supra. It is presumed that an entry made without consent in the nighttime is made with the intent to commit theft. *Moss v. State*, 574 S.W.2d 542 (1978); *Clark v. State*, 543 S.W.2d 125 (Tex.Cr.App.1976). D——— D———'s testimony should not have been admitted on the issue of appellant's intent.

Evidence of the commission of other offenses by the accused may be admissible to establish his identity, motive or system. *Albrecht v. State*, supra; *Cameron v. State*, 530 S.W.2d 841 (Tex.Cr.App.1975). Evidence that would also prove a separate offense is admissible on the issue of identity only if (1) identity is a controverted issue and (2) there are distinguishing characteristics common to both the extraneous offense and the offense for which the accused is on trial. E. g., *Ransom v. State*, 503 S.W.2d 810 (Tex.Cr.App.1974); *Cobb v. State*, 503 S.W.2d 249 (Tex.Cr.App.1974); *Lee v. State*, 496 S.W.2d 616 (Tex.Cr.App.1973); *Ford v. State*, 484 S.W.2d 727 (Tex.Cr.App.1972). A defendant's denial of the commission of the crime and his reliance on the defense of alibi may raise the issue of identity. *Collins*

*v. State*, 548 S.W.2d 368 (Tex.Cr.App.1976); *Vaughn v. State*, 530 S.W.2d 558 (Tex.Cr. App.1975); *Lee v. State*, supra. Since in the case at bar appellant denied that he committed the offense and offered an alibi defense, identity is a controverted issue.

In admitting evidence of the unrelated incident, however, the court should have excluded evidence of the rape. *Thrush v. State*, 515 S.W.2d 122 (Tex.Cr.App.1974) involved a prosecution for being an accomplice to a robbery by assault in which tape recordings of conversations involving extraneous offenses were admitted in evidence. This Court reasoned as follows:

"The ultimate question becomes one of what extraneous offenses were admissible to refute the defense of duress. The recorded conversations between Haas and appellant reveal that appellant was involved in other robberies and burglaries around the State, ranging from Lubbock to McAllen. These offenses were certainly germane to the refutation of appellant's claim that he was coerced into participation in the robbery for which he was being tried. . . .

"A more difficult question is raised with regard to admission of those portions of the conversations in which appellant referred to 'joints' and 'uppers.' We fail to see what relevancy these extraneous offenses, transactions or statements had to defeating the defense of duress. The fact that some extraneous offenses are admissible does not mean that all extraneous offenses are admissible. Extreme caution should be used to insure that the extraneous offenses admitted pertain to the particular exception by which such offenses have become admissible and to avoid trying a defendant as a criminal generally. Introduction of extraneous offenses unrelated to the offense on trial in an attempt to prejudice an accused will not be countenanced."

Evidence of the rape of D_____ D_____ was not so intertwined with the theft that it was necessary to admit evidence of the rape; however, if it had been so intertwined, no evidence of either offense should have been admitted.

An examination of the following argument by the prosecutor at the guilt-innocence stage of the trial leads to the almost inescapable conclusion that appellant was in reality being tried for the offense of rape, rather than that of burglary, with which he was charged:

"[H]e [the complainant's neighbor] saved her, I think, from *the degradation that the other girl has testified to. . .*

\*     \*     \*     \*     \*     \*

"[T]his defendant, you know, really what happened to him is he got away with *that other rape . . .*

\*     \*     \*     \*     \*     \*

"Well, the young lady D_____ D_____ told you that *he had raped her* earlier, and he was free, wasn't he?

\*     \*     \*     \*     \*     \*

"[Y]ou really didn't have the personal, practical experience of, say, seeing *rape cases*, or anything else except what you read or hear in the news media, or whatever, unless you have had the unfortunate circumstances to be the victim, or involved in something, in some manner in that regard. A devious mind, that *attacks women*, they don't always do things in a logical manner.

\*     \*     \*     \*     \*     \*

"[B]ecause they are of that character, they like to *degrade and attack women*, they will keep doing it and they eventually will get caught, and that is what happened to the defendant in this case, didn't it? . . . Now, he took a few items from her that didn't amount to much of value. What is the reason for that? Because *a rapist* kind of likes a little souvenir or memento of his offense from the victim . . . [I]t is difficult to understand the mind of a criminal, but *a rapist* in particular . . . his intentions both in our opinion *to rape* and to commit theft . . ." (Emphasis added.)

During argument at the punishment phase of the trial, the prosecutor made the following statement:

"[H]e is a burglar and *a rapist*, and I don't know what else you could say about him." (Emphasis added.)

In light of the maximum sentence of imprisonment for life which was assessed, we cannot say that admission in evidence of the extraneous offense of rape was harmless error.

The judgment is reversed and the cause remanded.

DOUGLAS, J., dissents.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for burglary of a habitation. Punishment was assessed at life.

On original submission, the panel reversed appellant's conviction after concluding that evidence of an extraneous offense should not have been admitted. Over objection, the State was allowed to prove during its case in chief that three days prior to the instant offense, appellant broke into the apartment of D_____ D_____ in Dallas. D_____ D_____ testified that once he was in her apartment, appellant raped her and took several items of personal property.

At trial, the State maintained that the extraneous offense was admissible on the issue of appellant's intent to commit theft in the instant offense.

■ Appellant's intent to commit theft was presumed after the complainant testified that appellant entered her locked apartment without her consent in the nighttime. *See, Clark v. State*, Tex.Cr.App., 543 S.W.2d 125; *Finch v. State*, Tex.Civ.App., 506 S.W.2d 749; *Garcia v. State*, Tex.Cr. App., 502 S.W.2d 718. Such intent being presumed from the act itself, the extraneous offense was not admissible on this issue. *See, Riles v. State*, Tex.Cr.App., 557 S.W.2d 95.

The State maintains that evidence of the extraneous offense was admissible to refute appellant's alibi defense.

Terry Doyle positively identified appellant as the individual who had broken into her apartment and dragged her onto the balcony on the occasion in question. She testified that she struggled with appellant "maybe fifteen minutes, I guess" before a neighbor came to her aid and appellant escaped by jumping over the balcony. Doyle further related that the door to her apartment was locked and she did not know how appellant gained entry. A neighbor, Charles Pierce, testified that after hearing screams he went to Doyle's apartment and struggled with appellant until he escaped. Neither witness' testimony was impeached on cross-examination. The State then presented evidence of the extraneous burglary, theft, and rape of D_____ D_____. At a point following the presentation of evidence of the extraneous offense appellant testified that he was asleep in his apartment at the time of the burglary and attack on Doyle.

■ It is well established that an accused may not be tried for some collateral crime or for being a criminal generally. *Hines v. State*, Tex.Cr.App., 571 S.W.2d 322; *Cameron v. State*, Tex.Cr.App., 530 S.W.2d 841; *Haliburton v. State*, Tex.Cr. App., 528 S.W.2d 216. One of the exceptions we have recognized to this general prohibition against the use of extraneous offenses is that such evidence is admissible to refute a defensive theory raised by the accused. *Buckner v. State*, Tex.Cr.App., 571 S.W.2d 519; *Albrecht v. State*, Tex.Cr. App., 486 S.W.2d 97. When the appellant raises the defensive theory of alibi, he places his identity in issue. *Mitchell v. State*, Tex.Cr.App., 503 S.W.2d 562. Once the issue of identity has been raised, evidence of an extraneous offense is admissible to prove identity only if there is some distinguishing characteristic common to both the extraneous offense and the offense for which the accused is on trial. *Buckner v. State*, supra; *Ransom v. State*, Tex.Cr.

App., 503 S.W.2d 810. We have nevertheless held that an extraneous offense may be admissible before the defensive theory of alibi is raised if, identity has only been proven circumstantially, or, if the State's only identifying witness is impeached on cross-examination as to a material detail of his identification of the accused. *See, Jones v. State*, Tex.Cr.App., 568 S.W.2d 847; *Redd v. State*, Tex.Cr.App., 522 S.W.2d 890.

■ In the instant case, it is clear that the State was premature in its effort to rebut appellant's defense of alibi. The State had produced positive identification by two witnesses that appellant was the perpetrator of the offense in question. This testimony was unimpeached on cross-examination. The State nevertheless proceeded to introduce evidence of the extraneous burglary, theft, and rape of D_____ D_____ prior to the defensive theory of alibi being raised.

■ We have previously held that the erroneous premature receipt of evidence of an extraneous offense may be rendered harmless based upon the subsequent actions of the defendant at trial. *See, Flores v. State*, Tex.Cr.App., 209 S.W.2d 168; *Shannon v. State*, Tex.Cr.App., 59 S.W.2d 142; *Gregory v. State*, 92 Tex.Cr.R. 574, 244 S.W. 615. Thus, in *Vessels v. State*, Tex.Cr.App., 467 S.W.2d 259, we held that when no question of identity was presented, error, if any, in the introduction of two extraneous offenses, was rendered harmless when the defendant subsequently presented an alibi defense. Likewise, we conclude that in the instant case, appellant's alibi defense rendered the extraneous offense involving D_____ D_____ both material and relevant to the question of identity. We find that error, if any, in the premature offer of the evidence was rendered harmless in light of appellant's testimony of alibi.

We further conclude that there are distinguishing characteristics common to both the extraneous offense and the offense for which appellant was convicted. Both offenses took place in the Oak Cliff section of Dallas within three days of each other. In both cases, the 26-year-old victims were alone in their apartments at the time of the entry and assault. Both victims had various items of clothing removed by the assailant, and in both cases, the perpetrator attempted to conceal his identity by covering his face either with a scarf or stocking cap.

Both the instant offense and extraneous offense would be classified as a burglary of a habitation under V.T.C.A. Penal Code, Sec. 30.02(a)(1). In discussing Sec. 30.02, supra, the Practice Commentary notes:

"The central elements of the offense continue to be entry or concealment in a building with intent to commit a felony or theft."

This Court will not indulge in speculation as to what appellant's intent was at the time he attacked Doyle and disrobed her in her apartment. However, we cannot conclude that the fact that the instant offense was interrupted by Doyle's neighbor rendered the uninterrupted offense involving D_____ D_____ inadmissible. We conclude that the extraneous offense was germane to the refutation of appellant's alibi defense. The details of the extraneous offense were admissible to show the common characteristics of both offenses.

We find no reversible error in the admission of the extraneous offense.

■ Appellant also challenges the sufficiency of the evidence to support the conviction. This argument appears to be bottomed on the appellant's theory that the State's case would have been "much stronger had the indictment alleged an intent to commit the offense of rape." In *Clark v. State*, supra, we said, ". . . it is well settled that the act of breaking and entering a building at nighttime raises the presumption that the act was done with the intent to commit theft [numerous citations omitted]." The fact that the victim's robe was removed in the course of the struggle which ensued after appellant entered the victim's apartment will not defeat this presumption. We find the evidence sufficient to support the conviction.

The State's Motion for Rehearing is granted and the judgment is affirmed.

ROBERTS, PHILLIPS and DALLY, JJ., dissent for the reasons stated in the opinion on original submission.

CLINTON, J., dissents.