**Craig Anthony ANSLEY, Appellant**

v.

**The STATE of Texas, Appellee.**

**No. 6–81–059–CR.**

Court of Appeals of Texas,
Texarkana.

June 29, 1982.

---

Jack L. Penman, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Asst. Dist. Atty., Houston, for appellee.

BLEIL, Justice.

Craig Ansley appeals his conviction for aggravated robbery. Sentence: 12 years confinement. The appeal challenges the admission of extraneous evidence and the jurisdiction due to a failure to serve Ansley with the certification petition. We determine these issues in favor of the judgment and affirm.

On March 27, 1978, Gary Hall was shot. A young black man wearing a dark knit hat approached him as he sat in his automobile. The man asked if Hall would help him to jump-start his nearby car. Hall agreed. He told the young man to get in, then they drove off to the car. As they did, the young man pulled a pistol and ordered Hall to hand over his billfold. Hall stopped his automobile, put it in park, and got out. Hall started to walk away but noticed the young man getting into the driver's seat. Upset, Hall turned around and attempted to get back in the automobile. He broke a window. As he opened the door, the man shot him and drove off. Hall was unable to identify Ansley as the man who had shot him and taken his automobile.

Earlier that evening a young black man wearing a dark knit cap shot Todd Conger as he sat in his girlfriend's driveway. This took place 10 to 15 blocks away from where Hall was shot. The young man approached Conger's automobile. He opened the door, stuck a gun in and told Conger to get out. When Conger hesitated the man shot him. Conger identified his assailant as Ansley.

Houston police broadcast descriptions of Hall's automobile and the suspect. A police officer spotted the automobile as it drove past and gave chase. The suspect attempted to pull into the Act II Motor Inn, but ran into a brick wall. The officers gave chase on foot as the suspect fled into the motel. The officers searched the motel. They found Ansley hiding in a bathtub of a vacant room, fully clothed. A search of the area turned up a .22 caliber pistol containing two spent shells and three live rounds. A ballistics opinion indicated that the slugs removed from both Hall and Conger could have been fired from that pistol. Ansley, 16 years old at the time of the offense, was certified by the juvenile court to be tried as an adult under Chapter 54, Tex.Fam.Code Ann. (Vernon 1975). He was indicted for the aggravated robbery of Hall. He was convicted and sentenced to 12 years.

■ Ansley complains on appeal of the admission of evidence concerning the as-

sault on Conger, because it was an extraneous offense. As a general rule evidence of extraneous offenses is not admissible. But, if the probative value of evidence outweighs its inflammatory aspects, it is admissible. Evidence of extraneous offenses may also be admitted where it is shown to be material and relevant. A relationship between the extraneous offenses and the evidence necessary to prove that the accused committed the crime for which he stands charged must be shown. The circumstances which justify the admission of extraneous offenses vary with the facts of the case. We determine each case on its own merits. Evidence of extraneous offenses committed by the accused is admissible: (1) to show the context in which the criminal act occurred, because events do not occur in a vacuum and the jury has a right to hear what occurred immediately before and after the act so that they may realistically evaluate the evidence; and (2) to circumstantially prove identity where the State lacks direct evidence on the issue. *Hoffert v. State*, 623 S.W.2d 141 (Tex.Cr. App.1981); *Cameron v. State*, 530 S.W.2d 841 (Tex.Cr.App.1975); *Albrecht v. State*, 486 S.W.2d 97 (Tex.Cr.App.1972).

■ In this case evidence of the other offense is admissible. It shows the surrounding circumstances of the robbery and establishes Ansley's identity. Hall could not identify his assailant, but his identity could be proven circumstantially by Conger's testimony, the arresting police officers' testimony and ballistics evidence. This evidence shows similarity in the time and place of the crimes, the mode of committing the crimes, the appearance of the assailants, the weapons used and the wounds. These similarities tend to prove that the same person committed both crimes.

Ansley claims that the district court did not have jurisdiction because he was not served a copy of the petition to certify him to be tried as an adult. A copy of the citation which shows proper service on Ansley was included in the record.

We affirm the judgment of the trial court.