Kenneth SMALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–84–032–CR.

Court of Appeals of Texas,
Waco.

Nov. 15, 1984.

Ricky Sims, Teague, for appellant.

Patrick H. Simmons, County Atty., Rex N. Leach, Asst. County Atty., Groesbeck, for appellee.

## OPINION

THOMAS, Justice.

A jury convicted Appellant of robbery, and after he pled "true" to a prior burglary conviction, the court assessed his punishment at twelve years in prison. Appellant contends that: (1) the State violated his constitutional right to a fair trial when it used its peremptory challenges to strike all black persons from the jury, and (2) the court erred when it allowed the State to question him about his two brothers who were in prison. The judgment is affirmed.

Ellis Coleman, a seventy-year-old black man, was robbed of $8.00 as he walked to his home at 6:30 a.m. Coleman identified Appellant at trial as the person who robbed him; however, Appellant denied robbing Coleman and relied on an alibi defense.

Appellant contends in his first ground of error that he was denied a fair and impartial trial because the State used its peremptory challenges to strike all black persons from the jury panel. This contention was raised in a motion for mistrial which was orally presented to the court after the parties made their peremptory strikes and before Appellant entered his plea. Appellant argued that the State used its peremptory challenges "indiscriminately and without just cause" to prevent members of his own race from serving on the jury. After Appellant failed to present any evidence showing a systematic exclusion of black persons from juries in Limestone County, the court overruled the motion for mistrial.

Assuming, without deciding, that a complaint of this nature can be preserved for appellate review at that stage of the proceeding by a motion for mistrial rather than through a motion to quash the jury panel, the ground is nevertheless untenable. Appellant admits that the record does not show a "systematic exclusion" as required by *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), and *Ridley v. State*, 475 S.W.2d 769 (Tex.Cr. App.1972). He suggests, however, that we discard these precedents in favor of an alternate procedure outlined in *Commonwealth v. Soares*, 377 Mass. 461, 387 N.E.2d 499 (1979). We refuse to ignore *Swain* and *Ridley*, and ground one is overruled.

Appellant alleges in his second ground that the court committed reversible error when it allowed the prosecutor, over defense objections, to question him about his brothers being prison inmates. He argues that the testimony was designed to prejudice him before the jury by showing that he was a criminal from a family of criminals. The State points out, however, that Appellant had attacked Coleman's mental capacity and credibility by attempting to show that it was illogical for a robber to identify himself to a robbery victim, which Coleman claimed that Appellant had done. The State argues that, under such circumstances, it could prove that Appellant's two brothers had prison records to explain why Appellant had mentioned his name to Coleman during the robbery. The State contends that Appellant mentioned his name during the robbery to intimidate and threaten Coleman into turning over his money.

Ordinarily, the character of the accused's associates or family members is not admissible as evidence of guilt. *Koller v. State*, 518 S.W.2d 373, 377 (Tex.Cr.App. 1975). To determine the admissibility of any type of evidence, the court first must compare the evidence with the essential elements of the State's case to establish the necessary relationship between the evidence and the crime charged. *Albrecht v.*

*State*, 486 S.W.2d 97, 100 (Tex.Cr.App. 1972). If the necessary relationship is established, then the court must weigh the probative value of the evidence against its inflammatory or prejudicial impact. *Bush v. State*, 628 S.W.2d 441, 444 (Tex.Cr.App. 1982); *Cobb v. State*, 503 S.W.2d 249 (Tex. Cr.App.1973).

 The indictment charged that Appellant had intentionally and knowingly placed Coleman in fear of imminent bodily injury, which is an essential element of robbery. Tex.Penal Code Ann. § 29.02(a)(2) (1974). The State's theory was that when Appellant mentioned his name to Coleman during the robbery, he placed Coleman in fear of imminent bodily injury because Appellant was from a notorious criminal family and that Coleman knew this family's reputation. (Appellant admitted at trial that Coleman probably knew that he and his brothers had felony records.) Intimidation or threats need not be blatantly administered in every situation to control the will of a robbery victim. They may also be subtly used to achieve the desired result. The testimony regarding Appellant's brothers related to an essential element (placing Coleman in fear of imminent bodily injury) of the offense charged and tended to explain why Appellant would have mentioned his name to Coleman during the robbery. The evidence tended to prove that Appellant mentioned his name during the robbery to subtly intimidate and instill fear by informing Coleman, an elderly man, that he was being robbed by one of the notorious Small brothers and that he should, therefore, comply with Appellant's demands. We hold that the evidence regarding the criminal convictions of Appellant's brothers was relevant under the facts of this case because it necessarily related to and tended to prove an element of the offense charged.

Appellant admitted at trial that he had served time in prison for burglary. Any prejudice that might have occurred when the jury learned of his brothers' criminal activity would not be as great as the prejudice that Appellant had already suffered by admitting his own prior criminal activity.

The prejudicial impact of this evidence was, therefore, minimal. Because the evidence regarding Appellant's brothers tended to prove the State's case and thus had great probative value, we conclude its probative value outweighed any possible prejudicial impact. The evidence was properly admitted, and ground two is overruled.

Affirmed.