**Marvin Fred WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–88–00754–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 11, 1989.

Walter P. Mahoney, Jr., Pasadena, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, Asst. Dist. Atty., Houston, for appellee.

Before WARREN, DUNN and HUGHES, JJ.

OPINION

WARREN, Justice.

Appellant was convicted of theft from a person. The jury found two enhancement paragraphs true and assessed punishment at 30 years confinement. We affirm.

On or about January 18, 1988, the complainant went to the home of appellant's grandmother to retrieve a broom she had left there. She testified that, upon her arrival, she was approached by appellant,

who grabbed her, put his arm around her neck, and took her necklace. The necklace was worth about $900. The complainant then entered the grandmother's house, and appellant ran to a side of the house.

Appellant brings three points of error, complaining that: (1) there was insufficient evidence to support the conviction; (2) the record is insufficient to support the finding of the jury on the enhancement paragraphs in the indictment; and (3) the trial court erred in admitting into evidence the pen packet that attempted to establish the enhancement paragraphs of the indictment.

■ In his first point of error, appellant complains that there is insufficient evidence to support his conviction because the complainant never saw the necklace in the possession of appellant on or after the date of the offense. Appellant argues that the evidence does not establish, beyond a reasonable doubt, that he stole the necklace with the intent to deprive the owner of the property.

When reviewing the sufficiency of the evidence to support the conviction based upon direct evidence, the evidence is viewed in the light most favorable to the jury verdict. *Flournoy v. State,* 668 S.W. 2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Sharp v. State,* 707 S.W.2d 611, 614 (Tex.Crim. App.1986), *cert. denied,* — U.S. —, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

The complainant testified that appellant approached her, put his arm around her, and snatched her necklace. After grabbing the necklace, he ran to a side of the house, and has never made any effort to return the necklace. The complainant also specifically denied that the incident could have been an accident. She saw the necklace in the appellant's hand, and stated that the necklace did not fall to the ground.

Contrary to the State's assertions, we can not consider any evidence from the dispute resolution procedure that appellant and complainant participated in prior to his arrest, as disclosures made in an ADR procedure are confidential, and not subject to disclosure. Tex.Civ.Prac. & Rem.Code Ann. sec. 154.073 (Vernon Supp.1989). However, we find that the testimony of the complainant provides sufficient evidence to support appellant's conviction for theft from a person.

His first point of error is overruled.

■ In his second point of error, appellant complains that the record is insufficient to support the finding of the jury on the enhancement paragraphs in the indictment. Specifically, appellant argues that there was no evidence that the convictions were final. The indictment was enhanced by prior convictions for robbery and delivery of hydromorphone. The record reflects that two exhibits, a judgment and a pen packet, were introduced into evidence. A fingerprint expert testified that the fingerprints of appellant matched the fingerprints contained in the State's exhibits. The Texas Court of Criminal Appeals has held that if a conviction relied on for enhancement is urged not to be final, it is a matter of defense, subject to proof. *Williams v. State,* 596 S.W.2d 862, 865 (Tex.Crim.App.1980); *Scott v. State,* 553 S.W.2d 361 (Tex.Crim.App.1977). The appellant did not testify, and he did not offer any evidence attacking the finality of the conviction. As nothing in the papers indicates that the convictions are not final, appellant's second point of error is overruled.

In his third point of error, appellant complains that the trial court erred in admitting into the evidence the pen packet, which attempted to establish the enhancement paragraphs of the indictment. The record reflects that the State offered the pen packet at the opening of the punishment phase, and that it was admitted over the defense objection that the offer was improper without any proof that they were the records of appellant.

■ Appellant correctly contends that the pen packets should not have been introduced until after their relevance had been established by showing that they were the

records of appellant's convictions. However, any error in premature admission of the records was cured when the prosecutor presented the fingerprint expert to prove that the records were those of appellant. In *O'Neill v. State,* 681 S.W.2d 663, 670–71 (Tex.App.—Houston [1st Dist.] 1984, pet. ref'd), the court held that in proving aggravated sexual abuse of a child, any error in the premature admission of a photo of the vaginal area of the complainant prior to identification, was rendered harmless by subsequent identification of the photo as the complainant. Likewise, in *Jones v. State,* 587 S.W.2d 115 (Tex.Crim.App.1979), the Court of Criminal Appeals held that error, if any, in the premature offer of the extraneous offense evidence was harmless in light of the defendant's subsequent testimony of alibi. Therefore, we find that the premature admission of the pen packet was rendered harmless once the prosecutor presented the fingerprint expert to prove the records were those of appellant.

Appellant's third point of error is overruled.

Affirmed.