John **FINCH**, Appellant,

v.

The STATE of Texas, Appellee.

No. 5299.

Court of Civil Appeals of Texas, Waco.

Feb. 21, 1974.

Cantrell & Milam, Waco (Charles L. Cantrell, Waco), for appellant.

Gary Coker, Asst. Dist. Atty., McLennan County, Waco, for appellee.

## OPINION

McDONALD, Chief Justice.

This an appeal by John Finch, a minor, from an order of the District Court of McLennan County, sitting as a Juvenile Court, revoking probation of the minor, and committing him to the care, custody and control of the Texas Youth Council.

The minor Finch was adjudicated to be a delinquent child on April 6, 1972, and placed on probation on such date subject to certain terms and conditions including a provision that he would commit no offense against the laws of the State of Texas.

On September 27, 1973 the State of Texas acting through the District Attorney of McLennan County filed petition for revocation of Finch's probation, alleging he had violated the terms of his probation in that he attempted to break and enter a house controlled by Alvin Brenegar.

After hearing the court entered judgment revoking probation and committed Finch to the care and custody of the Texas Youth Council.

Finch, through appointed counsel, appeals on 5 points contending the trial court erred in revoking his probation because:

1) The trial court improperly considered a violation of the terms of probation shown by the evidence, but not pleaded by the State.

2) There is no evidence or insufficient evidence that John Finch "removed boards blocking a window with his hands."

3) The order of revocation failed to affirmatively state that "it found beyond a reasonable doubt that John Finch violated a reasonable and lawful order of the Court."

4) There was "no evidence on the necessary intent to fraudulently take the corporal personal property of Alvin Brenegar."

We revert to contentions 1 and 2.

The State plead that one of the terms of Finch's probation was that he would commit no offense against the laws of the State of Texas; and that on August 8, 1973, he attempted to break and enter a house controlled by Alvin Brenegar. The proof reflects that at about 2 a.m. on August 8, 1973, Mrs. Addie Zufelt, a daughter of Alvin Brenegar, was in her room asleep and was awakened by someone attempting to enter the window; that she could hear someone removing the boards against the sides of the air conditioner which was against the window; that she went to the door and turned on the porch light and saw John Finch at the window, raising the window; that she knew John Finch and made positive identification; that he did not have permission to raise the window or remove the boards.

The evidence further reflected that Finch had violated another provision of his probation which the State had not plead.

■ The evidence is sufficient to sustain the finding that Finch violated a plead provision of his probation, for which reason the Court may properly revoke his probation.

■ Contention 3 complains of the failure of the trial court to state in its order

that it "found beyond a reasonable doubt that Finch violated a reasonable and lawful order of the Court." Section 54.05 of the Family Code, V.T.C.A. provides that a trial court may modify a probation order if it "finds beyond a reasonable doubt that the child violated a reasonable and lawful order of the court."

Here the trial court, after hearing, found the child had violated a term of his probation and revoked the probation previously granted. The trial court is assumed to know the burden the Statute imposes on the State. There is no requirement that the words "finds beyond a reasonable doubt" be incorporated into the judgment.

 Contention 4 complains there is no evidence that Finch "intended" to steal. The proof showed that Finch was breaking and entering a house at night. The act of breaking and entering a house at nighttime raises a presumption that it is done with intent to steal. Hines v. State, Ct.Cr. Appls., 458 S.W.2d 666.

All appellant's contentions are overruled.

Affirmed.