662 S.W.2d 764 (1983)
In the Matter of M_____ H______.
No. 13-83-356-CV.
Court of Appeals of Texas, Corpus Christi.
November 30, 1983.
Rehearing Denied December 29, 1983.
*765 Charles A. Hood, Port Lavaca, for appellant.
Mark R. Kelly, Asst. Crim. Dist. Atty., Port Lavaca, for appellee.
*766 Before KENNEDY, BISSETT and GONZALEZ, JJ.

OPINION
KENNEDY, Justice.
This is an accelerated appeal from the revocation of probation of a juvenile. Appellant, who had previously been adjudicated a delinquent, was found to have violated the terms of her probation by failing to pay restitution and her probation was revoked and she was committed to the custody of the Texas Youth Council. We affirm.
On April 23, 1982, appellant was adjudicated a delinquent based on an allegation of two counts of burglary and one count of misdemeanor theft. At the subsequent disposition hearing, appellant was placed on probation for one year subject to extensions of one year until she reached the age of 18. One of the conditions of appellant's probation was that she pay restitution in the amount of $811.35. In March of 1983, the probation office submitted a violation report showing that appellant had failed to pay any of the restitution ordered. In early April, the State filed a petition to revoke appellant's probation for failure to pay the restitution. On May 27, 1983, a hearing was conducted at the conclusion of which appellant's probation was revoked and she was ordered into the custody of the Texas Youth Council.
In her first point of error, appellant complains that the trial court erred in revoking her probation because the State's trial pleadings failed to pray for restitution. It is appellant's argument that the original order sentencing appellant to probation was invalid because it did not conform to the State's pleadings which did not request restitution. Therefore, the subsequent revocation of probation for failure to pay restitution was not based on a lawful order and was, therefore, improper.
Generally, juvenile matters are governed by the Rules of Civil Procedure. Matter of D.C.T., 641 S.W.2d 658 (Tex.App. Tyler 1982, writ ref'd n.r.e.); Brenan v. Court of Appeals, Fourteenth District, 444 S.W.2d 290 (Tex.1968); TEX.FAM.CODE ANN. § 51.17 (Vernon 1975). It is appellant's contention that since Tex.R.Civ.P. 301 requires that judgment conform to pleadings, the absence of a specific pleading for restitution makes a subsequent judgment ordering restitution invalid, at least as to that provision. Rule 301 requires the judgment to conform to the pleadings and be framed so as "to give the party all the relief to which he may be entitled." Rule 301.
In the last paragraph of its trial pleading, the State sought to have appellant found to have engaged in delinquent conduct and in need of rehabilitation and disposed of for her own and the public protection. We think that, in light of § 54.04(d)(1)(D) of the Family Code, this pleading is sufficient to support the judgment. Section 54.04(d)(1)(D) of the Family Code allows a juvenile court to order restitution upon a finding that the child is in need of rehabilitation and that protection of the public and the child requires disposition. See TEX.FAM.CODE ANN. § 55.04(c). The court made the requisite finding and we hold that a disposition requiring restitution is proper where such a finding is made without a specific pleading for restitution by the State. Appellant's first point of error is overruled.
In her second point of error, appellant alleges that the trial court erred in revoking appellant's probation without making a specific finding that appellant had violated her probation beyond a reasonable doubt. It is appellant's contention that the court must either state on the record or recite in its order revoking probation that appellant had violated her probation beyond a reasonable doubt.
TEX.FAM.CODE ANN. § 54.05(f) states:
"A disposition based on a finding that the child engaged in delinquent conduct may be modified so as to commit the child to the Texas Youth Council if the court after a hearing to modify disposition finds beyond a reasonable doubt that the child violated a reasonable and lawful order of the court."
*767 There is no requirement that the words "beyond a reasonable doubt" be incorporated into the judgment. Finch v. State, 506 S.W.2d 749 (Tex.Civ.App.Waco 1974, no writ). We will presume that the trial court is familiar with the State's burden of proof. Absent some showing to the contrary, we will assume the trial court's determination that the appellant had violated her probation was based on the requisite burden of proof. We will not require that the trial judge parrot such a finding from the bench. Appellant's second point of error is overruled.
In her third point of error, appellant complains that the trial court erred in revoking her probation because the original order of disposition failed to specify the reasons for disposition. TEX.FAM.CODE ANN. § 54.04(f) (Vernon 1975) provides that the court must specifically state the reasons for its disposition of the child in its order of disposition. See K.K.H. v. State, 612 S.W.2d 657 (Tex.Civ.App.Dallas, 1981); J.L.E. v. State, 571 S.W.2d 556 (Tex. Civ.App.Houston [14th Dist.] 1978, no writ). It was held that the actual order of disposition, standing alone, must state the reasons for disposition. We therefore turn to that portion of the record to determine if the requirements of § 54.04(f) have been met, keeping in mind that appellant's original disposition was probation. The court order of disposition (titled Order of Probation) recites that the appellant was being placed on probation because she did not have a history of delinquent conduct, because she had not had the benefit of supervised probation, and because her age allowed adequate time to attempt a plan of rehabilitation. We feel these recitations provide the necessary statutory specificity to the court's order. Appellant's third point of error is overruled.
Appellant's fourth point of error asserts that the trial court erred in revoking appellant's probation because the notice of the hearing to revoke probation was defective. Specifically, appellant is complaining that the notice failed to specify the reasons for revocation. TEX.FAM.CODE ANN. § 54.05(d) provides that the juvenile be given reasonable notice of the hearing to modify.
In reviewing the record in this case, we note that the court recited that reasonable notice of the hearing had been given. We also note that no objection was raised by appellant's attorney to proceeding with the hearing because he was unaware of the grounds upon which the State sought revocation. We feel the notice given appellant complied sufficiently with § 54.05(d). Appellant's fourth point of error is overruled.
In her fifth point of error, it is appellant's contention that the trial court erred in orally ordering appellant to the Texas Youth Council until she was 18 years old rather than for an indeterminate period of time. At the conclusion of the hearing, the trial judge ordered appellant committed to the Texas Youth Council until she was 18 years of age or released by a court of authority. Appellant's entire argument is predicated on the case of In the Matter of A.N.M., 542 S.W.2d 916 (Tex.Civ.App.Dallas 1976, no writ), wherein it was held that under TEX.FAM.CODE ANN. § 54.04(d)(2) a trial court may not commit a juvenile to the Texas Youth Council for a definite period of time. In the A.N.M. case, the trial court also made an oral order committing the youth to the Texas Youth Council for a period of one year. We give no effect to the trial court's oral pronouncement concerning appellant's disposition. § 54.04(d)(2) allows only for commitment to the Texas Youth Council. As was held in A.N.M., this commitment is for an indeterminable period of time. Any comments by the trial judge is of no force or effect and are to be ignored. The written order of disposition only orders appellant into the custody of the Texas Youth Council. The written order of disposition is correct. Appellant's fifth point of error is overruled.
In her final point of error, the appellant complains there was insufficient evidence to support the trial court's finding she had failed to pay restitution. As was previously noted, any finding that a child engaged in conduct violating a term of probation must be made beyond a reasonable doubt. TEX. *768 FAM.CODE ANN. § 54.05(f) (Vernon 1975).
There do not appear to be any cases dealing with the question of the sufficiency of the evidence to revoke a juvenile probation for failure to pay court ordered restitution. We do, however, take some guidance from the Code of Criminal Procedure. TEX.CODE CRIM.PROC.ANN. § 42.12 Sec. 8(c) (Vernon Supp.1982) provides:
"In a probation revocation hearing at which it is alleged only that the probationer violated the conditions of probation by failing to pay ... restitution, ... the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of the evidence."
Reviewing the evidence in light of the test that the inability to pay is an affirmative defense which necessarily places the burden of proof on the defendant, we find that the State established beyond a reasonable doubt that the appellant had failed to pay restitution. The appellant's mother then took the stand and testified that appellant's father was currently recovering from surgery and had recently been convicted of some crime which had necessitated $6,000.00 in attorney's fees and had resulted in his being sentenced to 10 years in the Texas Department of Corrections. She further testified that defendant had had a baby in August of 1982 by cesarian section and had had to spend two weeks and three days in the hospital after the delivery. She further testified that the baby was in poor health and was constantly in need of hospitalization. She further testified that the daughter had lived with her and had not obtained a job since being placed on probation. She further testified that her husband's medical insurance had paid for all of the daughter and her child's medical costs and that she, herself, had not been employed for over a year. She admitted that the appellant had made no attempt to pay restitution and that she (the mother) could pay something. It is significant to note that she was not asked, and therefore did not testify as to whether or not defendant intentionally failed to make any payments for restitution; and she further never testified that the defendant was unable to make any payments of restitution.
Again borrowing from the criminal jurisprudence of this state, we note that a trial judge has the exclusive duty to weigh the credibility of the witnesses and their testimony in a probation revocation hearing. Garrett v. State, 619 S.W.2d 172 (Tex.Cr.App.1981); Barnett v. State, 615 S.W.2d 220 (Tex.Cr.App.1981), appeal dism'd 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981); Naquin v. State, 607 S.W.2d 583 (Tex.Cr.App.1980); Kelley v. State, 550 S.W.2d 69 (Tex.Cr.App.1977); Davila v. State, 547 S.W.2d 606 (Tex.Cr.App.1977); Ross v. State, 523 S.W.2d 402 (Tex.Cr.App. 1975). When the judgment of a trial court is supported by evidence, the Court of Appeals should not substitute its collective judgment for the decision of the trial court. Garrett v. State, 619 S.W.2d 172 (Tex.Cr. App.1981). Likewise, in civil cases, the trier of facts is the sole judge of the credibility of witnesses and the weight to be given their testimony. It is solely within his providence to weigh all the evidence and decide what credibility should be given to any part of the testimony of a witness. Weaver v. Brink, 613 S.W.2d 581 (Tex.Civ. App.Waco 1981, writ ref'd n.r.e.); See also Jim Walter Homes, Inc. v. Castillo, 616 S.W.2d 630 (Tex.Civ.App.Corpus Christi 1981, no writ); Wysong v. Little Creek Hotel Courts, Inc., 614 S.W.2d 852 (Tex.Civ. App.Corpus Christi 1981, no writ); Ryan v. Morgan Spear Associates, Inc., 546 S.W.2d 678 (Tex.Civ.App.Corpus Christi 1977, writ ref'd n.r.e.). The case of Harris v. State, 629 S.W.2d 832 (Tex.App.Houston [14th Dist.] 1982 pet. ref'd) is analagous to the facts of this case. In the Harris case, the appellant, who was an adult, had his probation revoked for failure to pay probation fees, court costs, and reimbursement of attorney's fees which was one of the terms of his probation. The only testimony offered by the appellant of his inability to make his payments was that he had been unable to find employment for two months.
*769 The Court held that it was within the trial court's discretion as a trier of facts to disbelieve the appellant's bare assertion of his inability to find work as a basis for his failure to pay his fees. The Court went on to hold that it was not an abuse of discretion for the trial court to weigh the credibility of the appellant's excuse for non-payment. The facts of this case do not even offer any testimony by appellant's witnesses as to her reasons for non-payment but, rather, such reasons can only be drawn by inference from the testimony of her mother. We are not inclined herein to substitute our perceptions of the defendant's witness for those of the trial judge. Appellant's sixth point of error is overruled.
Judgment of the trial court is AFFIRMED.
GONZALEZ, J., dissents.
GONZALEZ, Justice.
I respectfully dissent. I would reverse and render a dismissal of order modifying disposition on the basis that the trial court abused its discretion in revoking probation because the record shows that appellant was unable to pay.
At the time the child was placed on probation, she was fourteen years of age. Approximately a year later, the State filed a Petition for Hearing to Modify Disposition (revoke probation). The sole basis pled by the State to revoke her probation was that she had failed to pay the restitution. Prior to the hearing, the child admitted that she had not paid but pled the affirmative defense of inability to pay.
The State's only evidence was the testimony of a probation officer who testified that he became acquainted with the child about three months before the revocation hearing. Regarding restitution, he said:
"Q. (District Attorney) Okay. To your knowledge has this restitution been paid?
A. No, sir.
Q. Have you made attempts to counsel with her and to have this amount paid while she was under your supervision?
A. Yes, sir.
Q. Were you successful in getting any of that restitution paid?
A. No, sir."
Over the child's objection, the State was then allowed to present testimony about other "referrals" concerning the child. These "referrals" were acts of misconduct and/or alleged violations of law. These were not only outside the pleadings but there also was no showing that she had been tried on any of these "referrals." Therefore, they could not and should not be directly or indirectly used to justify her revocation. See Pickett v. State, 542 S.W.2d 868, 870 (Tex.Cr.App.1976).
Thereafter the child's mother testified that appellant had a baby by cesarean section on August 1982, that the baby was continuously sick requiring hospitalization months at a time, and that her child (appellant) returned to school after the child was born. (One of the conditions of probation was that she attend school.) She testified further that it had been difficult for appellant to get a job and care for her baby.
After hearing the argument of counsel, the trial court revoked the child's probation and committed her to the Texas Youth Council. The trial court did not make an oral pronouncement that it had found beyond a reasonable doubt that the child had violated the terms of her probation nor did the order which is the subject of this appeal address this matter.

Finding-Beyond A Reasonable Doubt
In the second point of error, appellant asserts that it was error for the trial court not to make this finding.
Tex.Fam.Code § 54.05 provides in part:
* * * * * *
(d) A hearing to modify disposition shall be held on the petition of the child and his parent, guardian, guardian ad litem, or attorney, or on the petition of the state, a probation officer, or the court itself. Reasonable notice of a hearing to modify disposition shall be given to all parties. When the petition to modify is filed under Section 51.03(a)(2) of this *770 code, the court must hold an adjudication hearing and make an affirmative finding prior to considering any written reports under Subsection (e) of this section. (emphasis added.)
* * * * * *
(f) A disposition based on a finding that the child engaged in delinquent conduct may be modified so as to commit the child to the Texas Youth Council if the court after a hearing to modify disposition finds beyond a reasonable doubt that the child violated a reasonable and lawful order of the court.
The order in our case recites:
and the Court having heard the evidence offered by the State of Texas and having considered the same finds that within the period of said probation the child violated the terms and conditions thereof in the following particulars, to-wit: That Probationer M____ H____ has failed to pay restitution in the amount of $811.35 as ordered, and currently owes the full amount of $811.35 on said restitution. IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the probation heretofore, granted to the child in this cause be and the same is hereby revoked; that the finding of delinquent conduct heretofore made in this cause be and the same hereby is made a final finding; and that said M____ H____ be and hereby is committed to the care, custody, and control of the Texas Youth Council.
Compare this order with the orders in Re: R.A.B., 525 S.W.2d 892, 897 (Tex.Civ.App. Corpus Christi 1975, no writ), and A_____ Y____ v. State, 554 S.W.2d 805, 806 (Tex. Civ.App.San Antonio 1977, no writ). In both of these cases, the orders recited that the court found beyond a reasonable doubt that appellant has violated the terms of probation. It is true that the Waco Court in Finch v. State, 506 S.W.2d 749 (Tex.Civ. App.Waco 1974, no writ) said "There is no requirement that the words `finds beyond a reasonable doubt' be incorporated into the judgment." However, I disagree with the majority and with Finch. In my opinion, the record must in some manner affirmatively show that the trial court made this finding. Since it did not, the order is deficient. If this was all there was to the case, the appeal should be abated to allow the trial court to correct the deficiency, but in this instance a reversal is required because of the error asserted in appellant's last (sixth) point of error.

Defense-Inability to Pay
Appellant's sixth point of error reads: "The Honorable Trial Court abused its discretion in modifying appellant's disposition due to insufficient evidence of appellant's ability to pay and willful refusal to do so."
TEX.CODE CRIM.PROC.ANN. art. 42.12 § 8(c) (Vernon Supp.1982) provides:
In a probation revocation hearing at which it is alleged only the probationer violated the conditions of probation by failing to pay ... restitution, ... the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of the evidence.
The majority acknowledges the above provision but states: "[W]e find that the State established beyond a reasonable doubt that the appellant had failed to pay restitution." This finding misses the point. The point is not whether she failed to pay but whether she willfully failed to pay. Our focus then is on her ability to pay in light of the nonpayment.
In Jones v. State, 589 S.W.2d 419, 421 (Tex.Cr.App.1979), the Court of Criminal Appeals in affirming a revocation for failing to make restitution, wrote:
There was ample evidence from appellant's own testimony that he had the financial resources to have paid, or made some partial payment or at least made a good faith gesture toward paying the $50 a month that was a condition of his probation. At any rate, there was a complete failure to prove the affirmative defense of inability to pay by a preponderance of the evidence.

*771 Jones at 421. In Stanfield v. State, 638 S.W.2d 127, 130 (Tex.App.Fort Worth 1982 d.r. granted), the court of appeals stated that if probation is to be revoked on the ground that the probationer failed to pay, the State must prove that (a) the probationer had ability to pay and (b) his failure was intentional.[1]
Let us examine the proof the majority finds sufficient to support the revocation, and, therefore the implied finding that though appellant was able, she refused to pay. It was uncontroverted that appellant was an unemployed fifteen year old student whose baby required constant medical attention. Her mother testified that appellant had difficulty in getting a job. The State did not in any way rebut this evidence. Based on this evidence, I would hold that the child met her burden and proved by a preponderance of the evidence her inability to pay. The burden of proof shifted to the State to prove that her non-payment was willful. This they failed to do.
In closing, the majority states that "it is within the trial court's discretion to disbelieve the defendant's witnesses and find the defendant's excuse for nonpayment to be without merit." This discretion is not absolute. I am of the opinion that the trial court abused its discretion.
NOTES
[1] It should be noted that under Tex.Fam.Code Ann. § 54.041 (Vernon Supp.1982), the trial court could have ordered the child's parents to make restitution. It did not do so. Therefore, the child should not be penalized for the choices made by her parents regarding the restitution.