anthony 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-91-229-CV




IN THE MATTER OF A. R.



 



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT



NO. J-11,878, HONORABLE HUME COFER, JUDGE PRESIDING



 




 On the State's motion, the trial court sitting as a juvenile court ordered A. R.
committed to the custody of the Texas Youth Commission, thereby modifying a disposition
previously ordered in a juvenile proceeding against A. R. See Tex. Fam. Code Ann. §§ 54.03,
.04(d), .05 (1986 & Supp. 1992). A. R. appeals. We will affirm the trial-court order.



THE CONTROVERSY


 In January 1991, after adjudication and disposition hearings, the trial court found
that A. R. had engaged in delinquent conduct and ordered his release to his mother's custody on
certain terms and conditions of probation. The first condition obliged A. R. to "obey all laws."

 In February 1991, while the probation order was in effect, peace officers arrested
A. R. for the alleged offense of intentionally or knowingly operating a motor vehicle without the
effective consent of the owner. See Tex. Penal Code Ann. § 31.07 (1989). The State moved on
that ground to modify the disposition order of the previous month to require A. R.'s commitment
to the Texas Youth Commission. After an adjudication hearing without a jury, the trial court
found beyond a reasonable doubt that A. R. had committed the alleged offense in violation of the condition that he "obey all laws." The court modified the previous disposition
order by directing A. R.'s commitment to the Texas Youth Commission.



DISCUSSION AND HOLDINGS


 In a single point of error, A. R. contends the evidence is insufficient in two
particulars to permit the trial-court finding that he had beyond a reasonable doubt committed the
offense: (1) the evidence will not sustain an affirmative finding on the requisite mental state of
"intentionally or knowingly"; and (2) the evidence does not negate A. R.'s testimony raising a
mistake-of-fact defense -- that he reasonably believed he had the owner's effective consent to use
the automobile. See Tex. Penal Code Ann. § 8.02 (1974) (requiring the actor's mistaken belief
to be reasonable in order to constitute a mistake-of-fact defense).

 In a prosecution under section 31.07 the State must prove beyond a reasonable
doubt that the accused acted "intentionally or knowingly," i.e., that he knew he did not have the
owner's effective consent to operate the vehicle. See Gardner v. State, 780 S.W.2d 259, 263
(Tex. Crim. App. 1989) (an offense under section 31.07 is not a strict-liability offense). It is also
true, however, that such a mental state is but a conclusory inference drawn from evidence showing
the conduct of the accused and the circumstances surrounding his conduct. Castellano v. State,
810 S.W.2d 800, 807 (Tex. App. 1991, no pet.); see also Dillon v. State, 574 S.W.2d 92, 94
(Tex. Crim. App. 1978) (proof of knowledge is an inference drawn by the trier of fact from all
the circumstances). 

 We will summarize the evidence bearing on A. R.'s mental state in connection with
his use of the motor vehicle.



Summary of the Evidence


 Officer Felicia Phillips testified that on February 28, 1991, while on patrol, she
approached a car she recognized as being stolen. She stopped and ultimately arrested A. R., the
operator. He denied stealing the car and explained his use of it by stating that he had borrowed
the car from his friend Larry. A. R. had in his possession the car keys and there were no signs
of a forced entry, such as a broken window or damaged steering column.

 Larry, who was also a juvenile, testified that he gave A. R. permission to drive the
automobile. He stated that he had borrowed the car from his friend Cortney, and that the car
supposedly belonged to Cortney's sister. According to Larry, it was not unusual that he and his
friends would lend cars to each other, although neither Larry nor A. R. possessed an operator's
license. Larry added that he had no reason to believe the car was stolen.

 A. R. testified that he first saw the car when Larry drove it to A. R.'s home. Later
that day they drove to a high school where they met Cortney and another youth. From talking
to Cortney, whom A. R. had not met before, A. R. understood that Cortney had rented the car. 
Later in the afternoon, A. R. and Larry left Cortney at his house. A. R. testified that Cortney
told them, "You-all could use the car if you-all want to." From this statement, A. R. testified,
he understood that Cortney was granting either Larry or A. R. permission to drive the car. Larry
and A. R. drove away. Sometime later A. R. left Larry at A. R.'s home and drove away in the
car. During that trip he encountered Officer Phillips.

 Officer Phillips testified that when she determined the car was stolen, she began
following A. R. without engaging her overhead lights. A. R. eventually stopped the car of his
own volition, but he remained seated in the car. Rather than exposing herself to possible danger
by approaching the stolen car, Phillips stayed behind the open door of her patrol car and instructed
A. R. through a loudspeaker to leave the car. He did not do so. After another officer arrived,
the two officers continued to demand that A. R. leave the vehicle. He eventually complied and
was arrested.

 A. R. testified that he did not hear Phillips's instructions because he had turned the
car-radio volume up very loud. He explained that he was afraid to reach down to lower the
volume because he feared Phillips would misinterpret the movement and shoot him. 

 Angela Williams, the owner of the car, testified that the car was stolen, and that
the speakers had been ruined and would not "play" when the police returned the car to her.

 Based on the foregoing testimony, the trial court found beyond a reasonable doubt
that: (1) neither Larry nor Cortney had apparent authority to give consent to drive the car; (2)
A. R. did not have a reasonable basis for believing that Larry or Cortney owned the car or had
authority to consent to A. R.'s using it; (3) A. R. did not make a reasonable inquiry concerning
ownership of the car or the authority of either Larry or Cortney to act for the owner; and (4) A.
R. violated the terms and conditions of his probation and engaged in delinquent conduct by
intentionally and knowingly operating the car without the owner's consent.



Sufficiency of the Evidence


 "A disposition based on a finding that the child engaged in delinquent conduct may
be modified so as to commit the child to the Texas Youth Commission if the court, after a hearing
to modify disposition, finds beyond a reasonable doubt that the child violated a reasonable and
lawful order of the court." Tex. Fam. Code Ann. § 54.05(f) (Supp. 1992). We take this to mean
that the court was obliged to find beyond a reasonable doubt the elements of the offense under
Tex. Penal Code Ann. § 31.07 before the court might find a violation of the probation
requirement that A. R. "obey all laws."

 We believe a rational fact finder could conclude beyond a reasonable doubt that A.
R. acted "knowingly" and not under a mistake of fact. See McQueen v. State, 781 S.W.2d 600,
604-05 (Tex. Crim. App. 1989) (analyzing the mistake-of-fact defense after determining appellant
operated a motorcycle without the owner's effective consent).

 A. R. argues that he had the effective consent of the owner, or reasonably thought
he did, because he was given permission by a person (Larry) who was in "possession" of the car. 
See Tex. Penal Code Ann. § 1.07(24)(A) (Supp. 1992). We reject the argument. While A. R.
knew Larry was in possession of the car, A. R. also testified that he knew Larry's possession
derived from Cortney's authority. A. R. testified that he believed Cortney had rented the car, but
nothing in the evidence indicates that A. R. believed, reasonably or otherwise, that Cortney's
authority as a renter extended to lending the car to others for their use.

 In all events, a "reasonable belief" is a "belief that would be held by an ordinary
and prudent man in the same circumstances as the actor." Tex. Penal Code Ann. § 1.07(31)
(1974). A. R. testified he had never met Cortney before the day of the arrest. Cortney, a high-school student, supposedly rented the car, but A. R. did not verify the fact and did not know
whether Cortney had an operator's license to operate the car he had supposedly rented.

 The witnesses' testimony also differed in certain respects. A. R. stated that he
received, only hours before his arrest, Cortney's consent to drive the car. Yet Larry made no
mention, in reciting his and A. R.'s activities on the day of the arrest, that they had met Cortney. 
Rather, Larry testified, he had given A. R. the necessary consent, and A. R. told Officer Phillips
that was the case. A. R. testified that he believed Cortney had rented the car, while Larry
testified that Cortney said the car belonged to Cortney's sister. Finally, A. R. was confused about
whether Cortney had actually lent the car only to Larry, who then lent it to A. R., or whether
Cortney had lent the car to both Larry and A. R. In either event, A. R. was at a loss to explain
why Cortney, whom A. R. had met only hours earlier, would lend a rented car to a person he had
known for such a short time. In the face of such matters, the judge was entitled to disbelieve A.
R.'s assertions that he thought he had the owner's consent to drive the car. See In the Matter of
M___ H___, 662 S.W.2d 764, 768 (Tex. App. 1983, no writ) (the trial judge has the exclusive
duty to weigh the credibility of the witnesses and their testimony in a probation-revocation
proceeding); see also Castellano, 810 S.W.2d at 807 (reconciliation of evidentiary conflicts is
solely a function of the trier of fact).

 Finally, we observe that a fact finder is not required to believe even uncontroverted
testimony given by an accused. McQueen v. State, 714 S.W.2d 142, 143 (Tex. App. 1986), aff'd,
781 S.W.2d 600, 604 (Tex. Crim. App. 1989); see also Demary v. State, 798 S.W.2d 376 (Tex.
App. 1990, no pet.) (trial court free to reject appellant's unimpeached testimony that a "casual
acquaintance" claimed ownership of the car and gave appellant permission to use it when they met
at a convenience store).

 In summary, the State was obliged to prove two elements beyond a reasonable
doubt: (1) A. R. intentionally or knowingly operated the motor vehicle; and (2) A. R. knew such
operation was without the effective consent of the owner. McQueen, 781 S.W.2d at 604. The
sufficiency of the State's proof concerning the first element is not challenged. The sufficiency of
the State's proof concerning the second element must be judged by the measure supplied in the
following paragraph from McQueen:



In the present case, the State proved at trial that appellant did not have the consent
of Bobby Akin, the owner of the motorcycle. Akin's stipulated testimony that he
had not given consent to appellant or anyone else to operate his motorcycle proved,
from a sufficiency standpoint and as reflected by the fact finder's verdict, that the
appellant knew he did not have Akin's consent.



Id. at 604-05 (emphasis added). In A. R.'s case, therefore, Williams's testimony that her car was
stolen necessarily implied that she did not give consent to anyone to operate the car following its
theft; and it proved from a sufficiency standpoint that A. R. knew he did not have her consent. 
Continuing, the paragraph in McQueen states:



As to the evidence of appellant's mistake of fact concerning the circumstances
surrounding appellant's operation of the motorcycle, i.e., that appellant believed
the owner of the motorcycle was Tim Eden and that he had Tim Eden's consent to
operate the vehicle, the trial court was, as pointed out by the court of appeals, free
to reject this evidence.



Id. at 605. In the present case, then, the trial court was free to reject A. R.'s testimony, in
connection with his mistake-of-fact defense, that he reasonably believed he had the consent of the
owner to operate the automobile.

 We overrule A. R.'s point of error and affirm the trial-court judgment.



 

 John Powers, Justice


[Before Justices Powers, Jones and Kidd]

Affirmed

Filed: April 15, 1992

[Do Not Publish]