ACCEPTED
03-15-00043-CR
4863353
THIRD COURT OF APPEALS
AUSTIN, TEXAS
4/13/2015 1:37:20 PM
JEFFREY D. KYLE
CLERK

No. 03-15-00043-CR

IN THE COURT OF APPEALS
FOR THE THIRD JUDICIAL DISTRICT OF
TEXAS AT AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

4/13/2015 1:37:20 PM

JEFFREY D. KYLE
Clerk

\*\*\*\*\*\*\*\*

# KODY BROXTON

## VS.

# THE STATE OF TEXAS
\*\*\*\*\*\*\*\*

ON APPEAL FROM THE 264th DISTRICT COURT
OF BELL COUNTY, TEXAS
Cause No. 71838

\*\*\*\*\*\*

# STATE'S BRIEF and MOTION TO DISMISS
\*\*\*\*\*\*

**HENRY GARZA**
DISTRICT ATTORNEY

**BOB D. ODOM**
ASSISTANT DISTRICT ATTORNEY
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

*Oral Argument Not Requested*

1

# **TABLE OF CONTENTS**

**ITEM**                                                                 **PAGE**

Index of Authorities ……………………………………………..……..          3

Statement Regarding Oral Argument …………………………………          5

Statement of the Case ……………………………………………...…..          5

Motion to Dismiss Appeal ……………………………………………          6

      Facts …………………………………………………………..…          6

      Argument ………………………………………………………          7

Statement of Facts ………………………………………………………          8

Summary of State's Argument ………………………………………...          10

Argument and Authorities ……………………………………………          11

      Issue on Appeal ………………………………………………………          11
                TRIAL COURT ABUSE DISCRETION IN
                ORDERING PAYMENT OF RESTITUTION
                NOT REQUESTED BY VICTIM OR STATE?

          Standard of Review …………………………………………          11

          Application and Analysis ……………………………………          11

Prayer ……………………………………………………………………          20

Certificate of Compliance with Rule 9 ………………………………          20

Certificate of Service …………………………………………………..          21

# INDEX OF AUTHORITIES

**CASES**                                                                    **PAGE**

*Cartwright v. State*, 605 S.W.2d 287 ................................................. 11-12
    (Tx. Cr. App. 1980)

*Dears v. State*, 154 S.W.3d 610 ........................................................ 7
    (Tx. Cr. App. 2005)

*Hanna v. State*, 426 S.W.3d 87 ................................................. 13-14, 16, 18
    (Tx. Cr. App. 2014)

*James v. Commission for Lawyer Discipline,* 310 S.W. ....................... 17-18
    3d 598 (Tx. App. Dallas 5th Dist. 2010 no writ)

*In the Matter of M.H.,* 662 S.W. 2d 764 .............................................. 15-16
    (Tx. App. Corpus Christi 13th Dist. 1983 no writ.)

*Montgomery v. State,* 810 S.W.2d 372 .............................................. 11
    (Tx. Cr. App. 1991)

*Shankle v. State,* 119 S.W. 3d 808 ....................................................... 7-8
    (Tx. Cr. App. 2003)

*Velez v. State*, No. 04-11-00563-CR, 2012 Tex. App. ....................... 7
    LEXIS 6486 (Tx.App. San Antonio 4th District 2012 no. pet.),
    not designated for publication.

**OTHER**

*Texas Code of Criminal Procedure*

    Article 1.26 ............................................................................. 13

    Article 42.037 .................................................................... 14, 16-18

    Article 42.037(a) .................................................................. 12-13

*Texas Family Code*

Section 54.04(d)(1)(D) .................................................. 16

*Texas Rules of Appellate Procedure*

Rule 25.2 ................................................................ 7

Rule 25.2(a)(2) ........................................................ 8

*Texas Rules of Civil Procedure*................................................ 15

*Texas Rules of Disciplinary Procedure* .................................................. 17

## STATEMENT REGARDING ORAL ARGUMENT

The State does not request oral argument.

## STATEMENT OF THE CASE

The Appellant, Kody Lee Broxton, was charged by indictment with two counts of theft of metal casings of a value of less than $20,000.00 from Kevin Canfield, the owner. (CR-4). He entered a plea of guilty. (RR2-6).

Although the court and the Appellant stated in court that there was no plea bargain with the State (RR2-7) and the trial court later so certified (CR-27), the Written Plea Agreement signed by the Appellant and approved by his counsel, the State and the court indicated that the State agreed to recommend that the sentence in this case would run concurrent with the sentences in three other cases (CR-19). The trial court noted that the State and defense has "struck a deal" that all of the sentences would run concurrently and not be stacked. (RR3-56). The court followed that agreement. (RR3-58).

The trial court found the Appellant guilty and assessed punishment at 2 years in State Jail and ordered payment of restitution in the amount of $30,000.00. (CR-54; RR3-56, 57).

The Appellant filed motions for new trial (CR-39, 46) which were apparently overruled by operation of law. He gave timely notice of appeal (CR-29) and the trial court certified his right to do so. (CR-27).

## MOTION TO DISMISS APPEAL

*FACTS*

In this case the State did not make a recommendation as to the specific number or years to which the Appellant would be sentenced; however, it did agree to recommend that the sentence "run concurrent" with the sentences in three additional cases, cause numbers 73,310, 73,309, and 73,311[1] (CR-19). This agreement was signed and acknowledged to be true and correct by the Appellant (CR-24, 25). It was also approved by his counsel (CR-25), and by the State (CR25), and by the trial court. (CR-26).

Although during the hearing the court stated that there was no plea bargain and the Appellant agreed (RR2-7), at the time of sentencing the trial court stated:

> "(THE COURT):  you have, it appears from looking at the plea papers, struck a deal with the State through your lawyer that they would all run concurrently with each other as opposed to doing these individually and being stacked." (RR3-56).

---

[1] These three cases are now before this court in Cause Numbers 73309, 73310 and 73311.

6

In keeping with the agreement the court then sentenced the Appellant "to run concurrently". (RR3-57). The written judgment of the trial court also specifically provided that the sentence in this cause would run concurrently with cause numbers 73309, 73310, and 73311. (CR-48).

Nevertheless, in its Certificate of Defendant's Right to Appeal the trial court stated that this was not a plea bargain case. (CR-27).

### *Argument and Motion*

An appellate court must compare the certification of the right to appeal with the record and, where the certificate is in error, act accordingly. *Dears v. State*, 154 S.W. 3d 610, 615 (Tx. Cr. App. 2005). Where the State agreed to concurrent sentences in the underlying case and two companion cases there was a "charge bargain" that constituted a plea bargain. *Velez v. State*, No. 04-11-00563-CR, 2012 Tex. App. LEXIS 6486 (Tx. App. San Antonio 4th Dist. 2012, no pet.), not designated for publication. Charge bargaining affects punishment as it effectively caps punishment at the maximum sentence for the charge and is an agreement as to punishment under Rule 25.2 of the *Texas Rules of Appellate Procedure. Shankle v. State*, 119 S.W.3d 808, 812-13 (Tx. Cr. App. 2003).

Rule 25.2(a)(2) limits the right of the defendant of appeal in a plea bargain case, where the agreement is followed, to matters raised by written pretrial motions or with the permission of the trial court.

In this case there was a written agreement that the sentence was be served concurrently with those in the three companion cases. The trial court expressly recognized the existence of that agreement and followed its terms, effectively capping the sentence in the case. There was a plea bargain and the trial court's certificate was in error. Accordingly this court is without jurisdiction to consider this appeal and the State respectfully moves the court to dismiss the appeal for want of jurisdiction. *Shankle* at 814.

## STATEMENT OF FACTS

The sole issue on appeal is whether or not the trial court has the discretion to order the payment of restitution where the victim and the State do not request it. The Appellant does not contest the amount of restitution and the facts of the case are, therefore, not pertinent to the issue before the court. Thus, the State will recite only those facts pertaining to that issue.

During the punishment hearing, the victim named in the indictment, Kevin Canfield, testified that he was the human resources manager for Delta Centrifugal company in Temple, Texas and that his business had been victimized by a series of thefts of valuable high grade metals. (RR3-6, 7). Canfield had apprehended the Appellant and two co-defendants in the act of stealing the metal. (RR3-8-10).

After testifying about the value of the lost metal, Canfield was asked by the Appellant's counsel about restitution and responded: "I don't believe we are asking the Court for restitution. We are asking punishment and jail time." (RR3-19).

Robert Rose, the president of Delta Centrifugal, was asked if he was interested in the Appellant paying the money back. He said "I don't know that he really has the means to pay it back. I'm more interested in doing jail time for the theft." (RR3-22). Later, Mr. Rose clarified his position. "If I thought he really had the means, I would probably seek restitution. But I don't really believe that he has the means. I have no basis of that but I just don't feel like that's a possibility". (RR3-25).

The Appellant, however, testified that he fully expected to pay restitution and make everything right (RR3-31) and promised to seek a second job in order to do it. (RR3-32).

During his argument on punishment, Appellant's counsel urged the court to determine the amount of restitution based upon the evidence. (RR3-53).

State's counsel, in urging the court to reject the Appellant's plea for community supervision, made the statement that he should pay for what he had done, not with restitution, but with his freedom for two years in State Jail and noted that no one at Delta Centrifugal was asking him to pay them back. (RR3-54, 55).

The trial court included in its oral pronouncement of sentence (RR3-56, 57) and its written judgment (CR-48) that the Appellant pay restitution in the amount of $30,000.00.

## SUMMARY OF STATE'S ARGUMENT

The statements by the victim and counsel for the State do not constitute a waiver of restitution but merely an expression of a preference for the Appellant to serve jail time for the offense. An order imposing restitution is within the sound discretion of the trial court and the court may order it paid regardless of a request by the victim or the State and such an order is not an abuse of discretion. Nothing in the statute requires a request from the victim or acquiescence by the State

in order to impose restitution. The Appellant does not contest either the amount of the restitution order or the identity of the victim of the offense.

## ARGUMENT AND AUTHORITIES

### *First Issue on Appeal*

Did the trial court abuse its discretion in ordering the payment of restitution to the victim even though it was not requested by the victim or by the State?

### *Standard of Review*

Restitution orders are reviewed under an abuse of discretion standard. *Cartwright v. State*, 605 S.W.2d 287, 289 (Tx.Cr.App. 1980). A trial court abuses its discretion only when its decision is arbitrary, unreasonable, or is outside the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391, 391 (Tx. Cr. App. 1991).

### *Application and Analysis*

The Appellant contends that both the victim and the State have waived the imposition of restitution and, therefore, the trial court abused its discretion in ordering its payment. He concludes that this is apparently a case of first impression.

His basic premise is based first upon the characterization of the victim and State's statements as waivers. The victims quite clearly stated that they were not asking the court to order restitution because they doubted the Appellant's ability to pay it and were most interested in sending a message about thefts from their business through the imposition of jail time. The State's statement in argument to the court was in keeping with these expressed concerns and, in rebuttal to the Appellant's plea for community supervision, indicated that the State was more interested in jail time than in restitution. These preferences were not waivers at all as they were based on doubts as to whether or not the Appellant could or would ever pay restitution and upon the contention that jail time was more important.

However, even if the victim and the State were considered to have waived any claims to restitution, the question remains as to whether or not the trial court still has the discretion to order it. A decision to order the payment of restitution is within the sound discretion of the trial court. *Cartwright* at 289. Is that discretion abused merely because the victim or the prosecutor may not seek it for whatever reason?

Article 42.037(a), *Texas Code of Criminal Procedure*, provides that the court that sentences a defendant may order the defendant to make

restitution to any victim of the offense. The statute, by its wording, leaves that decision to the discretion of the court. There is no requirement that the victim demand it or assert his or her right to it, nor does it give the State the right to waive restitution.

In *Hanna v. State*, 426 S.W.3d 87 (Tx. Cr. App. 2014), the Court of Criminal Appeals while dealing with another issue, recently wrote concerning the nature of restitution. Restitution is a form of punishment, but it also serves multiple purposes including the restoration of the victim to the status quo and the forcing of the offender to address and remedy the specific harm he has caused. The restitution statute provides the trial court with great discretion in effectuating opportunities for the rehabilitation of criminals, deterring future harm and compensating victims efficiently. The trial judge has discretion under Article 42.037(a) to order restitution to any victim of the offense. *Hanna* at 91-92.

In interpreting a statue the court must look first to the plain language of the statute in order to effectuate the intent or purpose of the legislature in enacting the statute. The Code of Criminal Procedure is to be liberally construed to achieve the purpose of the legislature in preventing, suppressing and punishing crime. Article 1.26, *Texas Code of*

*Criminal Procedure.* The legislature intended restitution to adequately compensate the victim of the offense in the course of punishing the offender. Society is benefitted by such punishment that includes restitution. *Hanna* at 91, 92.

The plain language of Article 42.037 states that the trial court *may* order the payment of restitution to any victim of the offense. "May" clearly indicates discretion to do so. There is nothing in the statute to the effect that the victim must request or demand it or that the State can waive a victim's right to it.

The victim clearly expressed a desire to see the Appellant sent to State jail to send a message to others who might contemplate theft from his business. (RR3-24). Restitution as part of the punishment is in keeping with that objective and the intention of the legislature to prevent, suppress and punish crime and to rehabilitate the Appellant as well as deter future harm.

The trial court's order for the payment of restitution was well within its discretion. The Appellant assured the court that he could and would pay restitution and his counsel asked the court to determine a restitution amount from the evidence. Although they were apparently

hoping for community supervision, that hope does not negate their plea that restitution be imposed.

The Appellant does not contest the amount of restitution imposed nor that Delta Centrifugal was the victim. The opinions of the victim and the prosecutor that the Appellant would never be able to pay it and that jail time was more important are not controlling as to the trial court's exercise of its reasonable discretion.

The Appellant attempts to distinguish two cases from this one because they involve different statutes allowing the imposition of restitution; however those cases are nevertheless instructive.

In *The Matter of M.H.*, 662 S.W.2d 764 (Tx. App. Corpus Christi 13th Dist. 1983 no writ), the juvenile appellant contended that the trial court's order for the payment of restitution was improper because there was no specific request for restitution in the pleadings asking that she be found a child in need of rehabilitation. Thus, she argued, the judgment did not conform to the pleadings as required by the *Texas Rules of Civil Procedure*. The court of appeals, however, held that the *Texas Family Code* provided for the order of restitution upon a finding that the child is in need of rehabilitation and that the protection of the public and the child requires disposition. That being the case, the

pleadings for such a finding permitted the ordering of restitution. *M.H.* at 766.

While *In the Matter of M.H.* did not involve Article 42.037, but rather Section 54.04(d)(1)(D) of the Family Code, it is nevertheless analogous. Section 54.04(d)(1)(D) allows the juvenile court to impose restitution upon a finding of a child in need of rehabilitation. Article 42.037 provides that the court that sentences a convicted defendant may order restitution to any victim. That victim need not be named in the charging instrument under 42.037. *Hanna* at 96. Thus, just as in *M.H.*, the conviction of a criminal offense carries the consequence that restitution may be imposed at the discretion of the court. That order is not dependent upon the pleadings.

The Appellant also notes that *M.H.* focuses on the imposition of restitution rather than what he characterizes as "the unequivocal waiver" of restitution in this case. As noted above, he presupposes that an expression by the victim and the State that they are more concerned with sending a message by the imposition of jail time as opposed to restitution he is unlikely to pay is a waiver. The State again contends that such is not the case. The Appellant also distinguishes the case because the restitution in *M.H.* was initially imposed when the juvenile

16

was placed on probation; however, the order was only contested after that probation was revoked for failure to pay it.

In *James v. Commission for Lawyer Discipline*, 310 S.W.3d 598 (Tx. App. Dallas 5th Dist. 2010 no writ), the appellant complained of the commission's order for the payment of restitution when the pleadings had only requested judgment that the appellant be disciplined and the commission have such other relief to which it is entitled. The Court of Appeals noted that the *Rules of Disciplinary Procedure* provide that sanctions may include restitution and the pleadings were sufficient to include the order. The Court noted that the fact that the appellant would be required to make restitution if the commission prevailed was a "foreseeable consequence" of the allegations and requested relief. The Court found no authority preventing a court from imposing restitution if the commission did not explicitly request it in the pleadings. *James* at 609, 610.

Again, *James* does not interpret Article 42.037, however the principles upon which it was based are similar. Article 42.037 expressly provides that the court imposing sentence may order restitution to any victim. Therefore, such an order is a foreseeable consequence of conviction. Contrary to the Appellant's assertion, there was not a

specific request for restitution in the commission's pleading in *James* (Appellant's Brief at pg. 7). The lack of such a specific request was the basis for that portion of the appeal. It also must be noted that Article 42.037 no less defines restitution as a foreseeable consequence of conviction than the rules define it as a consequence of sanctions.

The Appellant's assertion that no statute specifically permits the imposition of restitution when there was no request for it or where it was affirmatively waived (Appellant's Brief at pg. 8) is misleading. Article 42.037 grants the trial court the discretion to order the payment of restitution to any victim upon conviction. That discretion is not conditioned upon a request from the victim nor does it indicate that the victim or the State can remove the court's discretion by waiver.

The purpose of the statute giving the trial court discretion, while certainly including the compensation of the victim for the harm suffered, also contemplates effectual opportunities to rehabilitate the offender and to deter future harm. Punishment, including restitution, not only is intended to compensate the victim, but also to benefit society. *Hanna*, supra. Article 42.037 gives the trial court the discretion to impose restitution. It does not abuse that discretion by doing so merely because the victim and the State see little use in it based upon

18

doubts about the possibility of payment and the desire to see jail time assessed. While those wishes certainly may be considered, it is respectfully submitted that they are not necessarily controlling and the court may consider all aspects of the case in exercising that discretion.

The opinions of the victim and the prosecutor did not constitute a waiver at all, much less an unequivocal one. The trial court also had before it the Appellant's own promises that he could and would make things right by paying the restitution and his counsel's request that the court determine an amount of restitution to be paid from the evidence. The order for the payment of restitution was neither arbitrary, nor outside the scope of reasonable disagreement.

# PRAYER

The State of Texas respectfully moves that this appeal be dismissed for want of jurisdiction or, in the alternative, prays that the judgment of conviction herein be, in all things, be affirmed.

Respectfully Submitted,

HENRY GARZA
District Attorney

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney
P.O. Box 540
Belton, Tx 76513
(254) 933-5215
FAX (254) 933-5704
DistrictAttorney@co.bell.tx.us
SBA No. 15200000

# CERTIFICATE OF COMPLIANCE WITH RULE 9

This is to certify that the State's Brief is in compliance with Rule 9 of the *Texas Rules of Appellate Procedure* and that portion which must be included under Rule 9.4(i)(1) contains 2,821words.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney

# CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this brief has been served upon, Ken Mahaffey, Counsel for Appellant, by electronic transfer via Email, addressed to him at *Ken_Maffey@yahoo.com* on this 13th day of April, 2015.

/s/ *Bob D. Odom*

BOB D. ODOM
Assistant District Attorney