# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-0043-CR

**Kody Lee Broxton, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 71838, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Kody Lee Broxton was charged with four counts of theft. *See* Tex. Penal Code § 31.03(a)-(b) (setting out elements of offense). Specifically, he was alleged to have stolen metal from his former employer. Broxton pleaded guilty, and the district court heard evidence supporting the guilty pleas. Accordingly, the district court found Broxton guilty, sentenced him to two years' imprisonment for each count, and ordered the sentences to run concurrently. *See id.* § 31.03(e)(4)(F) (providing that offense is state jail felony if value of property is less than $20,000 and if property stolen is brass); *see also id.* § 12.35 (listing permissible punishment range for state-jail felony). In the final count, which is the charge at issue in this appeal, the district court also ordered Broxton to pay $30,000 in restitution. After imposing its sentence, the district court gave Broxton permission

to appeal his conviction.[1]  On appeal, Broxton contends that the district court abused its discretion by ordering restitution in this case.  We will affirm the district court's judgment of conviction.

### DISCUSSION

In a single issue on appeal, Broxton contends that the district court erred when it ordered him to pay restitution.  When presenting this issue, Broxton does not challenge the amount of the restitution and instead argues that the order of restitution was improper because "the victim[s] and the State's attorney waive[d] that restitution and ask[ed] the court to only impose incarceration." As support for the idea that the victims and the State waived any claim for restitution, Broxton points to portions of the testimonies of the manager from the company that he stole from, Kevin Canfield, and of the owner of that company, Robert Rose, and then refers to portions of the State's closing argument.[2]  Based on the testimonies and closing arguments, Broxton asserts that the victims and

[1] In the other three counts, Broxton's attorney filed an *Anders* brief arguing that those appeals are without merit.  *See Anders v. California*, 386 U.S. 738, 744-45 (1967).  We have addressed those appeals in a separate opinion.  *See Broxton v. State*, Nos. 03-15-00040-CR, 03-15-00041-CR, 03-15-00042-CR.  After Broxton filed his briefs in all four cause numbers, the State filed a motion to dismiss in this case.  In its motion, the State asserted that this case is a plea-bargain case and that, therefore, Broxton does not have the right to appeal.  Recently, the district court filed amended findings of fact and conclusions of law as well as a new certificate regarding Broxton's right to appeal stating that this case is a plea-bargain case but that the court gave Broxton permission to appeal.  Accordingly, we deny the State's pending motion to dismiss.

[2] When arguing that restitution may be waived in the manner alleged in this case, Broxton refers to cases from three of our sister courts of appeals; however, none of those cases stand for the proposition that statements made by the victims in their testimonies and that arguments in the State's closing may prohibit a trial court from imposing restitution as part of its judgment.  *See Bayonne v. State*, No. 12-10-00282-CR, 2012 Tex. App. LEXIS 3117, at *14-15 (Tex. App.—Tyler Apr. 4, 2012, no pet.) (mem. op., not designated for publication) (modifying trial court's judgment to delete restitution where State conceded on appeal that there was no evidence to support restitution award); *Norman v. State*, Nos. 04-04-00292–296-CR, 2007 Tex. App. LEXIS 9463, at *3 (Tex. App.—San Antonio Dec. 5, 2007, no pet.) (mem. op., not designated for publication) (abating appeal to allow

the State "unequivocally request[ed] incarceration instead of restitution." In making this claim, he urges that one of the principal purposes of restitution is to compensate the victim, *see Hanna v. State*, 426 S.W.3d 87, 91 (Tex. Crim. App. 2014) (explaining that restitution restores victim to status quo and forces offender to remedy harm that he caused), and argues that that purpose is not furthered by compensating victims against their wishes. Alternatively, Broxton argues that because restitution is not specifically mentioned in the statute under which he was convicted or in the statute under which his punishment was assessed, *see* Tex. Penal Code §§ 31.03(a)-(b), (e)(4)(F), 12.35, restitution should not be awarded without a "pleading or some sort of request," *cf. Brooks v. State*, 957 S.W.2d 30, 34 (Tex. Crim. App. 1997) (providing that prior convictions "must be pled in some form" before being used for enhancement purposes). In light of the fact that the State did not specifically request restitution, Broxton urges that the district court erred by requiring restitution in this case.

Appellate courts review "challenges to restitution orders under an abuse of discretion standard." *Lemos v. State*, 27 S.W.3d 42, 45 (Tex. App.—San Antonio 2000, pet. ref'd). Under that standard, a trial court's ruling will only be deemed an abuse of discretion if it is so clearly wrong as to lie outside the zone of reasonable disagreement, *Lopez v. State*, 86 S.W.3d 228, 230 (Tex. Crim. App. 2002), or is arbitrary or unreasonable, *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).

Even assuming that restitution could somehow be waived in the manner suggested by Broxton, we are not persuaded from our review of the record that the statements referred to by

for hearing on amount of restitution after determining that there was insufficient evidence to support restitution ordered and reforming judgment to delete restitution requirement after case was reinstated because State informed trial court on remand that it was abandoning request for restitution); *Allen v. State*, 720 S.W.2d 618, 618 (Tex. App.—Houston [1st Dist.] 1986, no pet.) (deleting restitution order when State specifically presented on remand "an oral motion to withdraw its requests for restitution").

Broxton affirmatively demonstrated a desire to waive restitution. Throughout the proceeding and in his closing arguments, Broxton repeatedly suggested that community supervision would be appropriate in this case. Although Rose, Canfield, and the State all communicated that they were not concerned with seeking restitution, the context in which those statements were made demonstrates that the victims and the State all believed that the crimes at issue were very serious and that they were concerned that Broxton might be able to avoid any jail time by being placed on community supervision and by being ordered to pay restitution. In addition, the portions of the record referred to by Broxton also reveal that Rose was concerned that if restitution was ordered, Broxton would not be able to pay it.

Specifically, when Canfield was testifying during cross-examination, the following exchange occurred:

[Canfield]: I don't believe we're asking the Court for restitution. We're asking for punishment and jail time.

[Broxton]: So you're not asking the Court to order Kody Broxton to pay back $64,000, $65,000 worth of materials?

[Canfield]: No.

Similarly, in his testimony, Rose explained as follows:

[State]: And we've discussed this before. Are you interested in having Kody Broxton pay that money back?

[Rose]: I don't know that he really has the means to pay it back. I'm more interested in doing jail time for the theft.

4

[State]: Would you -- are more interested in sending a message than you are in the possibility that seeing some -- if any of the money come back to restitution?

[Rose]: Yes, I am. As Mr. Canfield stated, we are a foundry, machine shop operation. Our employees work hard in not so favorable an environment. Sometimes it gets over 120 degrees. The way we're set up, I consider that this theft was stealing from our employees. We give our employees ten percent of our profits. . . . I'm concerned that if the defendant is not sentenced to jail time, that's going to send the wrong message that basically the judicial system has failed them.

. . .

[State]: So that -- your organization is really not interested in the possibility that, you know, Mr. Broxton gets a job and he's making $8 an hour, $9 an hour or $10 here, $20 there, comes back to Delta Centrifugal?

[Rose]: No, sir.


In addition, during the cross-examination of Rose, the following exchange occurred:


[Broxton]: But you don't have a figure to provide the Court in regards to the restitution you require him to repay Delta?

[Rose]: If I thought he really had the means I would probably seek restitution. But I don't really believe he has the means. I have no basis of that but I just don't feel like that that's a possibility.


Finally, during its closing, the State argued as follows:


You know, if you notice while they've been accused of huffing the numbers and exaggerating the amount of dollars lost of the theft, no one from Delta Centrifugal is asking you to have him pay them back. What they'd rather do is have a strong message to Kody Broxton and to the community that you simply can't steal from an employer like this. That just because you can doesn't make it right that -- just because you know where valuable property is doesn't give you the right to steal from a business, steal from anybody.

. . .

5

> So Your Honor, in this situation I think this is a situation that the defendant should pay for what he did but not with restitution. He could pay for it with his freedom for the two years in the state jail . . . running concurrently on all these cases.

In light of the preceding, we cannot agree with Broxton's assertion that the testimonies of Rose and Canfield as well as the arguments for prison time in the State's closing evidenced an intention to affirmatively waive restitution. Moreover, the statute authorizing trial courts to impose a restitution requirement provides that "[i]n addition to any fine authorized by law, the court that sentences a defendant convicted of an offense *may* order the defendant to make restitution to any victim of the offense." Tex. Code Crim. Proc. art. 42.037(a) (emphasis added); Tex. Gov't Code § 311.016(1) (explaining that use of word "may" in statute "creates discretionary authority or grants permission or a power"). There is no requirement in the statute that the victim request restitution or that the State specify in its pleadings that it is seeking restitution; instead, the statute gives trial courts the discretion to impose restitution if it determines that restitution is appropriate. Tex. Code Crim. Proc. art. 42.037(a); *see Hanna*, 426 S.W.3d at 92 (explaining that article 42.037 gives trial courts discretion to order defendant to make restitution and that legislature intended restitution to compensate victim while punishing offender); *cf. James v. Commission for Lawyer Discipline*, 310 S.W.3d 598, 610 (Tex. App.—Dallas 2010, no pet.) (determining that if lawyer is found to have violated rules of professional conduct, trial court has discretion to determine sanction and that "nothing in the rules or case law . . . suggest that a court's ability to impose the sanction of restitution should depend on whether the Commission explicitly asked for restitution in its pleadings"); *In re M.H.*, 662 S.W.2d 764, 766 (Tex. App.—Corpus Christi 1983, no writ) (affirming trial court's decision to revoke probation based on failure to comply with probation

6

requirement that appellant pay restitution and overruling appellant's argument that restitution was improper when State's pleadings did not ask for restitution because Family Code provision in effect at time allowed trial court to order restitution if it made particular finding and because State sought that finding). The exercise of that discretion seems particularly warranted in this case where Broxton testified that he understood that he would be legally obligated to cover the costs of the goods that he confessed to stealing and that it was his intention to pay restitution to the victims in this case.

For all of these reasons, we cannot conclude that the district court abused its discretion by ordering Broxton to pay restitution. Accordingly, we overrule his sole issue on appeal.

## CONCLUSION

Having overruled Broxton's issue on appeal, we affirm the district court's judgment of conviction.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed: July 15, 2015

Do Not Publish